STATE OF NORTH CAROLINA v. THOMAS STEVENS

No. 7027SC471

(Filed 18 November 1970)

**1. Criminal Law § 104— defendant's waiver of first nonsuit motion**

By introducing evidence, a defendant waives his first motion for nonsuit, which is made at the close of the State's evidence. G.S. 15-173.

**2. Criminal Law § 176— motion for nonsuit — review on appeal**

On appeal from the denial of defendant's motion for nonsuit made at the close of all the evidence, including defendant's evidence, the Court of Appeals will consider all of the evidence to determine its sufficiency to carry the case to the jury; if the evidence in its entirety, taken in the light most favorable to the State, is sufficient to support the verdict, the appeal must fail.

**3. Forgery § 2— prosecution for forgery and attempted forgery — sufficiency of evidence**

In a prosecution for forgery of a check and for attempting to utter the same check knowing it to have been forged, the State's evidence on each charge was sufficient to be submitted to the jury; the fact that the defendant was unsuccessful in his attempt is immaterial.

APPEAL by defendant from *Falls, J.,* 11 May 1970 Session of LINCOLN Superior Court.

Defendant was indicted on a two-count bill charging that he (1) forged a particularly described check and (2) attempted to utter the same check knowing it to have been forged. He pleaded not guilty to both counts. The check described in the indictment was dated 5 February 1970, was drawn on First Citizens Bank & Trust Co., Lincolnton, N. C., was payable to John Brown in the amount of $85.75, and purported to bear on the face of the check the signature of David Clark as drawer and on the back of the check the signature of John Brown as endorser.

The State offered evidence in substance as follows:

A bank employee testified that sometime in January or February, 1970, she saw defendant in First Citizens Bank & Trust Co. in Lincolnton. Defendant wanted to pick up a checkbook, saying he wished to buy furniture and had left his checkbook at home. He did not have an account at the bank.

David Clark, whose name appeared on the face of the check as drawer, testified that the signature on the check described

in the indictment was not his signature, that he did not authorize anyone to sign the check on his behalf, and that he had no account at the bank in February, 1970. Clark also testified that a couple of years previously defendant had worked for him at his chicken farm and while so employed had been paid by payroll check.

Jack Rhodes, who operated a service station in Lincolnton, testified that on 6 February 1970 defendant came in his place of business and wanted to cash the check described in the indictment, telling Rhodes that the check had been given to defendant as a payroll check from Dave Clark's poultry farm. Rhodes refused to cash the check and defendant left, after which Rhodes called Dave Clark and then called the police.

A police officer testified that on 6 February 1970 he received a call to go to Rhodes Service Station, where Mr. Rhodes told him what had occurred. About two hours later he found defendant standing in front of another service station. Defendant was staggering and the officer arrested him for public drunkenness and for carrying a concealed weapon. Upon searching defendant, the officer found the check in defendant's left-hand coat pocket.

At this point in the trial the State rested and defendant moved for nonsuit, which motion was overruled.

Defendant took the stand and testified that he had never had the check in his possession, had not presented it to Jack Rhodes and asked him to cash it, had not been in Mr. Rhodes' place of business, had not had the check on his person when he was arrested, and that he knew nothing about it. Defendant also testified he had never been to school and that the only writing he could do was to sign his name.

In rebuttal, the State recalled Jack Rhodes to the stand and also called Rhodes' son as a witness. Both testified they saw defendant sign the back side of the check when he was in the service station asking them to cash it. The son also testified defendant told him at the time that he worked for Dave Clark.

At the close of all the evidence, defendant again moved for nonsuit. The motion was overruled and the jury found defendant guilty on both counts. From judgment imposing prison sentences, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Myron C. Banks for the State.*

*Sheldon M. Roper for defendant appellant.*

PARKER, Judge.

[1, 2]   The only assignments of error brought forward in appellant's brief are directed to the refusal to grant his motions for nonsuit. By introducing evidence, defendant waived his first motion, which was made at the close of the State's evidence. G.S. 15-173; *State v. Prince,* 270 N.C. 769, 154 S.E. 2d 897. On this appeal, therefore, we consider all of the evidence to determine its sufficiency to carry each of the two cases charged against defendant to the jury. If the evidence in its entirety, taken in the light most favorable to the State, is sufficient to support the verdict, defendant's appeal must fail. *State v. Norris,* 242 N.C. 47, 86 S.E. 2d 916.

[3]   There was here ample evidence to carry the case charged in each count of the indictment to the jury. There was direct evidence that the check had been forged; the purported drawer testified he had not signed or authorized anyone else to sign his name thereto. There was direct evidence the defendant was in possession of and attempted to utter the check; two witnesses testified they saw him endorse the name of the purported payee on the back of the check when he presented it to them and requested them to cash it. These witnesses also testified that while so doing defendant represented the check to be a valid instrument which had been given him by the purported drawer as a payroll check. These circumstances were sufficient to support a jury finding that defendant had himself forged the check. *State v. Welch,* 266 N.C. 291, 145 S.E. 2d 902; Annotation, 164 A.L.R. 621; 36 Am. Jur. 2d, Forgery, § 44, p. 706. The check on its face was an instrument apparently capable of effecting a fraud, and it is immaterial that defendant was unsuccessful in his attempt. The State's evidence was sufficient to permit the jury finding defendant guilty of all essential elements of each of the crimes with which he was charged. *State v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22. In so doing the jury simply chose not to believe defendant's testimony in denial.

Palmer v. Development Corp.

In the trial and judgments appealed from we find

No error.

Chief Judge MALLARD and Judge HEDRICK concur.