**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Charles MASSEY, Defendant-Appellant.**

**No. 9257.**

Missouri Court of Appeals,
Springfield District.

Feb. 26, 1973.

---

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Ray C. Conrad, Jr., William J. Hart, Springfield, for defendant-appellant.

PAUL E. CARVER, Special Judge.

The amended information in this case charges the defendant, Charles Massey, with the offense of uttering a forged check, prohibited by subd. 1, Subsec. 3 of Sec. 561.011, V.A.M.S. It also alleges that the defendant had been convicted of a prior felony under the Second Offender Act, Sec. 556.280, V.A.M.S. The jury found the defendant guilty of the offense charged. In obedience to the verdict of the jury the court assessed punishment at a term of three years' confinement under the supervision of the Department of Corrections.

There are no disputes as to the facts, and the court adopts defendant's Statement of Facts as set out in his brief. The defendant did not testify. "On January 1, 1971, Charles Massey purchased groceries, in the amount of $16.00, from the Consumers Market at 2900 E. Sunshine. Mr. Massey paid for the groceries with a check in the amount of $143.37 payable to Harold Rohne and drawn on the account of R. P. Stiefvater at the Citizens Bank, Springfield, Missouri.

"Mr. Donald J. Morris, the manager of the Consumers Market, authorized and cashed the check presented by Mr. Massey. He gave Mr. Massey the difference between the price of the groceries and the amount of the check as change. Mr. Morris did not see Mr. Massey endorse the check inasmuch as the endorsement had already been made when the check was handed to him by the cashier. He asked Mr. Massey for identification and was presented a charge account plate in the name of Harold W. Rohne, the name of the payee on the check. Mr. Massey was impliedly presenting himself as Harold Rohne, the payee. Mr. Morris positively identified Mr. Massey as the person who presented the above mentioned check for payment.

"The Citizens Bank, Springfield, Missouri, refused to honor Mr. Stiefvater's check payable to Mr. Rohne since the drawer's signature did not match the sample signature maintained by the bank. Mr. Burwell, a vice president of Citizens Bank, stated he did not know if Mr. Massey signed R. P. Stiefvater to the check in question because the bank did not obtain a sample of Mr. Massey's handwriting and compare it with the drawer's signature.

"The business of Richard P. Stiefvater had been broken into on the night of December 31, 1970, and some of his personal checks were stolen in that burglary. Mr. Stiefvater identified the check made payable to Harold Rohne as being the same type of check that was stolen. Mr. Stiefvater had never seen Mr. Massey near his business nor did he see Mr. Massey take the stolen checks.

"Mr. Stiefvater testified that he did not sign the check to Harold Rohne, nor did he authorize anyone else to sign his name to that check. Mr. Stiefvater does not know or employ Harold Rohne or Charles Massey.

"Upon completion of its presentation of the foregoing evidence the State of Missouri rested its case. Mr. Massey then filed a Motion for Judgment of Acquittal on the basis that the State's evidence was all circumstantial in nature and that it did not exclude each and every hypothesis of innocence. This Motion was overruled.

"On February 3, 1972, Mr. Charles Massey was convicted of uttering a forged instrument as charged. Mr. Massey filed a Motion for New Trial alleging, among other basis, that the Court erred in failing to enter a judgment of acquittal since the State's evidence was circumstantial in nature and failed to exclude each and every hypothesis of innocence. This motion was overruled.

"On March 3, 1972, Charles Massey was sentenced to the custody of the Department of Corrections for three years. On March 7, 1972, Charles Massey filed his Notice of Appeal with this Court."

The defendant has briefed only two points on which he relies. They are as follows:

"The trial court erred in failing to sustain defendant's Motion for Judgment of Acquittal and defendant's Motion for New Trial since the State's evidence, which was circumstantial in nature, was not inconsistent and irreconcilable with defendant's innocence, in that: 1. There was no showing that defendant knew the drawer's signature was not genuine and that the check constituted a forged instrument, and, 2. There was no showing that defendant was not legally using the name Harold W. Rohne, legally in possession of the charge plate used for identification, and legally in possession of the check."

We shall consider the alleged errors in the order stated.

Defendant complains in his first assignment that there was no showing that defendant knew the drawer's signature was

not genuine and that the check constituted a forged instrument.

Defendant insists in effect that in order to convict him of uttering a forged check as denounced by Sec. 561.011, V.A.M.S., it was incumbent upon the State of Missouri to establish beyond a reasonable doubt that at the time the check was uttered the defendant knew it was forged. It is true the record is silent as to the defendant's stating the check was good, or, as stated in some cases, as genuine. However, the defendant did cash the check. The check was given to Donald J. Morris, the manager of Consumer's Market No. 7 in Springfield, who cashed it and gave the defendant the sum of $143.37 in money. At the time of the cashing of the check Donald J. Morris required identification. Defendant showed Morris a CHARGA-PLATE ASSOCIATES, a type of credit card issued by the CHARGA-PLATE ASSOCIATES, St. Louis, Missouri. This was issued to Harold W. Rohne of 3302 N. Pickwick Avenue, Springfield, Missouri 65803. The check was dated December 31, 1970, and was payable to Harold Rohne. The endorsement on the back of the check showed the endorsement by Harold Rohne, 1605 W. Walnut. Upon receipt of the $143.37 in money defendant paid for groceries in the amount of $16.00 and kept the balance of the money, amounting to $127.37.

The trial court by Instruction No. 2 instructed the jury what elements and findings were necessary for conviction of uttering a forged instrument under Sec. 561.011, V.A.M.S. The instruction is not questioned by the defendant.

The actual point involved is, was there evidence to support the giving of Instruction No. 2? We hold that there was.

■ Without contradiction the evidence shows: (1) The check had been stolen from the office of the Queen City Roofing and Contracting Company at 1630 West Walnut in Springfield when a burglary had occurred on December 31, 1970. (2) The owner of the Queen City Roofing and Contracting Company, Richard P. Stiefvater, had not executed the check or authorized any other person to execute it. (3) Mr. Stiefvater did not know Charles Massey or Harold Rohne, nor had any person by those names ever been employed by him. The name "R P Stiefvater" which appeared on the check as drawer is a forgery, and the name "Harold Rohne" which appeared on it as endorser is also a forgery. (4) That the check was a writing having legal efficacy and commonly relied upon in business transactions. (5) The check was cashed at Consumer's Market No. 7 in Springfield on January 1, 1971, less than twenty-four hours after the burglary of the Queen City Roofing and Contracting Company. (6) Defendant cashed the check after purchasing groceries in the amount of $16.00. When the defendant presented the check in payment of the groceries, he was instructed to go to the manager who cashed checks for Consumer's Market No. 7. (7) Defendant went to the manager, Donald J. Morris, and identified himself as Harold W. Rohne and by a credit card issued by CHARGA-PLATE ASSOCIATES of St. Louis, and gave his address as 1605 West Walnut. (8) The check was cashed by Donald J. Morris, the Manager of Consumer's Market No. 7, and defendant received the sum of $143.37 in money. (9) Upon receipt of the money defendant paid $16.00 for the groceries and retained the sum of $127.37 in money. (10) The check was presented to Citizens Bank of Springfield, a banking corporation, for payment. (11) Payment was refused by the bank with the notation "Signature Does Not Correspond With Signature Card On File."

From such evidence an inference arises that there is evidence to support a conviction under Instruction No. 2.

■ Where such facts appear, an inference arises that the person who uttered the

check as genuine either forged the instrument or knew it to be forged, unless the uttering or forgery is explained satisfactorily. State v. Garrison, Mo., 305 S.W.2d 447, 450(2); State v. Williams, 152 Mo. 115, 123–124, 53 S.W. 424, 426–427(4), 75 Am.St.R. 441; and this is true although no representations were made by word or action by the defendant that the check was genuine. State v. Dobbins, 351 Mo. 796, 798–799, 174 S.W.2d 171–172; State v. Garrison, supra.

■ The rule concerning the legal principles of "inference" is well founded concerning the uttering of forged instruments. In State v. Earley, 119 Kan. 446, 239 P. 981, 984(3), the rule is succinctly stated as follows: "Possession of a forged instrument by one who utters or seeks to utter it or otherwise to realize on it or profit by it, without a reasonable explanation of how the possessor acquired it, warrants an inference that a possessor himself committed the forgery or was a guilty accessory to its commission."[1]

We conclude the evidence sufficient for the jury to find the defendant guilty. The trial court's refusal to sustain a motion for a directed verdict of acquittal was correct. The evidence supports the verdict of the jury and the inferences arising from the evidence. Defendant's first assignment is denied.

Defendant complains in his second assignment: "There was no showing that defendant was not legally using the name Harold W. Rohne, legally in possession of the charge plate used for identification, and legally in possession of the check."

The defendant relies on the statement that "a person may assume a different name from his true one and may make contracts under his fictitious name." State v. Euge, Mo., 400 S.W.2d 119, 122(2). The circumstances are different in the Euge case than the one before us and are not applicable.

■ Defendant in his argument overlooks the evidence. He was positively identified by Donald J. Morris as the person who cashed the unauthorized check and who identified himself as Harold Rohne and exhibited a CHARGA-PLATE to substantiate his identity at the time he received the sum of $143.37 in money. No authorized check was ever executed to him. He received the money without any honest claim to it. Such was sufficient to authorize submission to the jury on whether Harold W. Rohne was in fact a false and fictitious person. State v. Dunlap, Mo., 408 S.W.2d 4, 6–7(2). The circumstances in this case are sufficient to warrant the jury in finding (as it did) that defendant forged the check with intent to defraud. We conclude the evidence fully supports the finding of the jury. Defendant's second assignment is denied.

A careful consideration of the entire record convinces us that the defendant's assertions of error lack merit. Defendant in all respects had a fair trial, and the evidence supports his conviction, and the trial judge was correct in denying the motion for acquittal.

The matters for which no assignment of error is required have been examined, as required by Rules 28.02 and 28.08, V.A.M.

1. Cases and authorities supporting the legal principle of "Inference" relating to the uttering of forged instruments: Hatton v. Commonwealth, 294 Ky. 740, 172 S.W.2d 564, 565; State v. Stevens, 9 N.C.App. 665, 177 S.E.2d 339; 36 Am. Jur.2d, Forgery, § 44, p. 706; State v. Allen, 53 Idaho 737, 27 P.2d 482, 485; State v. Brown, 145 Kan. 247, 250, 65 P.2d 333, 335; United States v. Douglas, D.C.Va., 312 F.Supp. 118, 120; Bullock v. Commonwealth of Virginia, 205 Va. 558, 138 S.E.2d 261, 265.

R. The amended information is sufficient and in proper form. The defendant stood trial upon his plea of not guilty. The jury's verdict is in proper form and responsive to the issues. The punishment assessed was within the range provided by statute. Defendant's motion for a new trial was considered by the capable trial judge and denied. Allocution granted. Punishment was assessed by the trial judge under the Second Offender Act, Sec. 556.-280, V.A.M.S. Defendant had the benefit of competent counsel throughout his trial and upon his appeal. No error appearing from the record, the judgment is affirmed.

TITUS, C. J., HOGAN and BILLINGS, JJ., and ROBERT LEE CAMPBELL, Special Judge, concur.

STONE, J., not sitting.