STATE OF NORTH CAROLINA v. CARL THOMAS FAMBROUGH, ALSO KNOWN AS CARL THOMAS McDANIELS

No. 7525SC565

(Filed 17 December 1975)

**Criminal Law § 26— double jeopardy — one robbery — two kinds of property taken — two convictions**

Defendant was placed in double jeopardy by his conviction of two separate charges of armed robbery where the evidence showed only one robbery in which two kinds of property, money and a pistol, were taken, and the conviction on one charge must be set aside.

APPEAL by defendant from *Ferrell, Judge*. Judgment entered 3 April 1975, in Superior Court, CATAWBA County. Heard in the Court of Appeals 20 October 1975.

Defendant was charged in separate bills of indictment with the armed robbery of Martin Violette. One bill charged the robbery of money; the other charged robbery of a pistol.

The State's evidence tended to show that on or about 10 August 1974, Martin Violette was employed at the Hickory Motor Lodge; that on 10 August he was sitting in the lobby of the motel when two black men came in through the west door with knives and one of them said, "We want your money." Violette testified that the defendant did all the talking and walked Violette to the counter with a knife at his throat. Violette identified Fambrough as the man who put the knife to his throat on that day and took $79 along with a pistol. There was also testimony received from the lady who sold the pistol to Violette and from a man who bought the pistol from defendant.

The defendant testified in his own behalf. A jury found defendant guilty on both charges and from concurrent prison sentences, defendant appeals.

*Attorney General Edmisten by Special Deputy Attorney General Myron C. Banks for the State.*

*Butner, Rudisill & Brackett by J. Steven Brackett for the defendant.*

CLARK, Judge.

In reviewing the record as requested by defendant, we find that only one robbery occurred, in which two kinds of

property were taken, money and a pistol. The two indictments charged separate offenses. Clearly both indictments and the evidence relate to what occurred on the same occasion. The same evidence would support a conviction on each charge. Under the "same evidence test," this amounts to double jeopardy, *State v. Ballard,* 280 N.C. 479, 186 S.E. 2d 372 (1972).

Though the trial court imposed identical concurrent sentences to imprisonment on each charge, this does not cure the constitutional guarantee against double jeopardy. *State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569 (1972).

For the reasons stated.

In Case No. 75CR692 judgment is arrested.

In Case No. 75CR691 no error.

Chief Judge BROCK and Judge HEDRICK concur.