STATE OF NORTH CAROLINA v. GARY W. RAYNOR

No. 774SC158

(Filed 20 July 1977)

1. **Arrest and Bail §§ 3.9, 6— disorderly conduct — warrantless arrest proper — no right to resist**

   Where the evidence tended to show that defendant threatened a cab driver and used abusive and profane language in an officer's presence, the officer's warrantless arrest of defendant for disorderly conduct was lawful; therefore, defendant had no right to resist the arrest, and the trial court did not err in denying defendant's motions for nonsuit on the charges stemming from the arrest.

2. **Criminal Law § 26.5— resisting arrest and assault on law officer — two offenses based on same conduct — double jeopardy**

   Defendant who was convicted of both resisting arrest and assault on an officer in the performance of his duties on the same evidence was twice convicted and sentenced for the same criminal offense; therefore, the citation charging defendant with assault on a police officer in the performance of his duties is quashed, the verdict is set aside as to that charge, and the judgment entered thereon is vacated.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 11 November 1976 in Superior Court, ONSLOW County. Heard in the Court of Appeals 9 June 1977.

Defendant was charged by citations with disorderly conduct, resisting arrest and assaulting a police officer in the performance of his duties. From conviction in the District Court, he appealed to the Superior Court. There he entered a plea of not guilty to each offense and was convicted by a jury of all counts. Judgment was entered thereon sentencing defendant to imprisonment for 30 days on the disorderly conduct charge and concurrent terms of six months on the charges of resisting arrest and assault on a police officer.

The State introduced evidence which tended to show: On 21 August 1976, Dennis Nail operated a cab in Jacksonville. At approximately 3:00 a.m., he stopped to let a passenger out in downtown Jacksonville, and defendant attempted to get in the cab. Nail informed defendant that he had to do some paperwork and could not take defendant anywhere at that time, whereupon defendant "started bad mouthing" Nail and called him unkind names. Defendant struck the hood of the cab "at least twice" and threatened to beat Nail. Nail then summoned help, and

shortly thereafter, Patrolman Acevedo of the Jacksonville Police Department arrived on the scene.

Acevedo asked defendant what the problem was. At that time, defendant was " . . . very uncooperative, was cursing and threatening Mr. Nail. . . . " Acevedo requested identification, but defendant claimed he did not have any. Meanwhile defendant "kept using abusive language." A crowd of 12 to 15 people gathered, and, because of defendant's actions, Acevedo placed him under arrest for disorderly conduct. Defendant continued to threaten Mr. Nail, "saying that he was going to get him and using profane language." Defendant was escorted to the police car, "patted down" and ordered into the rear seat of the vehicle. When Acevedo began to close the door, defendant kicked it open, causing it to strike the officer on the leg. Defendant attempted to get out of the car, and a struggle ensued. Roger Paul, also of the Jacksonville Police Department, assisted Acevedo in subduing defendant. Defendant repeatedly hit and kicked Paul in the chest, and struck Acevedo with his fists. After fighting defendant for 5 to 10 minutes, the officers managed to handcuff him and took him to police headquarters.

Defendant and another witness testified, *inter alia*, that defendant became angry when Nail refused to take him where he requested, that defendant did not use abusive language and that the policeman hit him first.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, for the State.*

*Billy Sandlin for defendant appellant.*

MORRIS, Judge.

[1]  In his sole assignment of error brought forward on appeal, defendant contends that the trial court erred in overruling his motion for judgment as of nonsuit as to the charges of resisting arrest and assault on a police officer.

Of course, it is well settled in North Carolina that a person has a right to resist an unlawful arrest. *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100 (1954) ; *State v. Williams,* 32 N.C. App. 204, 231 S.E. 2d 282 (1977) ; *State v. Allen,* 14 N.C. App. 485, 188 S.E. 2d 568 (1972). G.S. 15A-401(b) sets forth the instances in which a police officer may legally make an arrest without a warrant.

"(1) Offense in Presence of Officer.—An officer may arrest without a warrant any person who the officer has probable cause to believe has committed a criminal offense in the officer's presence.

(2) Offense Out of Presence of Officer.—An officer may arrest without a warrant any person who the officer has probable cause to believe:

    a. Has committed a felony; or

    b. Has committed a misdemeanor, and:

        1. Will not be apprehended unless immediately arrested, or

        2. May cause physical injury to himself or others, or damage to property unless immediately arrested."

Defendant argues that his warrantless arrest was unlawful because there was no evidence showing that he committed a criminal offense in the officer's presence within G.S. 15A-401 (b) (1). We cannot agree. Although Officer Acevedo did not quote defendant's precise language to the jury, he did testify that defendant "was cursing and threatening Mr. Nail," "kept using abusive language" and said that "he was going to get" Nail. Thus, the threats to the cab driver and defendant's profane language were continued by defendant in the presence of Officer Acevedo. We believe, and so hold, that this evidence was sufficient to sustain the legality of defendant's arrest for disorderly conduct. Therefore, defendant had no right to resist, and the trial judge did not err in denying the motions for nonsuit on the charges stemming from the arrest.

[2] However, this appeal presents an additional problem not raised by defendant. The citation in No. 76CR13385 alleged that:

"... on or about Sat. 3:40 a.m. the 21 day of Aug., 1976 in the named county, the named defendant did unlawfully and wilfully assault a police officer to wit: by striking officers G. Acevedo and R. Paul on chest and hands of both said officers while said officers were discharging a duty of this office to wit ~~discharging~~ arresting the defendant for disorderly conduct."

State v. Raynor

The citation in No. 76CR13386 (after allegations sufficient to support a charge of disorderly conduct) alleged that:

" . . . on or about Sat. 3:40 a.m., the 21 day of Aug. 1976, in the named county, the named defendant did unlawfully and wilfully resist arrest to wit by kicking and punching officers G. Acevedo and Roger Paul while they were discharging a duty of their office to wit arresting defendant for disorderly conduct."

Moreover, the record reveals that defendant was convicted of both resisting arrest and assault on an officer in the performance of his duties on the same evidence.

In this situation, the State should have been required to elect between the two charges at the close of all the evidence. Its failure to do so, and the subsequent judgments of guilty on both charges, resulted in defendant's being twice convicted and sentenced for the same criminal offense. Nor does the fact that defendant was given concurrent sentences make the duplication of punishment and sentences any less a violation of defendant's constitutional right not to be put in jeopardy twice for the same offense. *State v. Summrell*, 282 N.C. 157, 192 S.E. 2d 569 (1972). Accordingly, the citation charging defendant with assault on a police officer in the performance of his duties is quashed, the verdict is set aside as to that charge and the judgment entered thereon is vacated. *State v. Summrell, supra; State v. Hatcher*, 277 N.C. 380, 177 S.E. 2d 892 (1970).

As to defendant's convictions for disorderly conduct and resisting arrest in No. 76CR13386, we find no error.

As to defendant's conviction for assault on a police officer in the performance of his duties in No. 76CR13385, the conviction is set aside and the judgment is vacated.

Judges PARKER and CLARK concur.