STATE of Missouri, Respondent,

v.

Charlotte SEAMAN, Appellant.

No. WD 32049.

Missouri Court of Appeals,
Western District.

Dec. 8, 1981.

Patrick E. Richardson, Gifford & Richardson, Green City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

Charlotte Seaman appeals her conviction in a court-tried case of the Class C felony of forgery in violation of § 570.090 subd. 1(4), RS Mo.1978.[1] Mrs. Seaman's six-month sentence to the county jail was stayed and she was placed on parole for two years on the conditions that she be committed to the county jail for ten days and that restitution be made. We affirm.

In support of her claim for relief, Mrs. Seaman contends that the trial court erred in finding her guilty because (1) the information charges that the forged instrument was made payable to "Mart Super Drug," but the evidence showed that it was made payable to "Mart's," (2) the state failed to prove venue, and (3) the state failed to prove that Seaman had knowledge that the check was illegally made or altered and that she transferred the check with the purpose to defraud.

The charge arose out of Mrs. Seaman's purchase of $18 worth of merchandise at Mart Super Drug store in Brookfield, Linn County, Missouri. She paid with a $20 two-party counter check, dated "2–8–80", payable to "Mart's", drawn on the United Missouri Bank of Brookfield, purportedly by Margaret Straub. Below Ms. Straub's signature were what appeared to be the numbers "58 3273". United Missouri Bank of Brookfield returned the check to the drug store marked "account closed".

The information charged Mrs. Seaman with forgery "in that on or about the 8th day of February, 1980, in the County of Linn, State of Missouri, the defendant with purpose to defraud, transferred with the knowledge or belief that it would be used as a genuine a check dated February 8, 1980, drawn on the United Missouri Bank of Brookfield, made payable to Mart Super Drug and bearing signature of Margaret Straub, and at that time knew that Margaret Straub did not sign or authorize anyone else to sign the check."

At the trial Robert Thomas, the drugstore clerk who accepted the check, testified that he did so because he was acquainted with Mrs. Seaman. Ms. Straub testified that during the time she had lived in Brookfield, from the fall of 1976 to August, 1979, she became acquainted with the defendant when Mrs. Seaman's husband, who owned an automobile repair business, repaired her car. At that time defendant knew that Ms. Straub's telephone number was 258–3273, a number which had previously been assigned to Mrs. Seaman. Ms. Straub further testified that she had not written the check in question nor had she authorized anyone else to do so and that, although she had an account at the United Missouri Bank when she lived in Brookfield, that account had been closed in October, 1978.

The state's last witness, Elizabeth Johnson, vice president of the United Missouri Bank of Brookfield, testified that Ms. Straub had an account at that bank from March 31, 1977, to October 31, 1978. The check in question had been presented to the bank on February 11, 1980, and returned unpaid, marked "account closed." At the

1. § 570.090. *Forgery*

1. A person commits the crime of forgery if, with the purpose to defraud, he

(1) Makes, completes, alters or authenticates any writing so that it purports to have been made by another or at another time or place or in a numbered sequence other than was in fact the case or with different terms or by authority of one who did not give such authority; or

(2) Erases, obliterates or destroys any writings; or

(3) Makes or alters anything other than a writing, so that it purports to have a genuineness, antiquity, rarity, ownership or authorship which it does not possess; or

(4) Uses as genuine, or possesses for the purpose of using as genuine, or transfers with the knowledge or belief that it will be used as genuine, any writing or other thing which the actor knows has been made or altered in the manner described in this action.

2. Forgery is a class C felony.

close of the state's case, the court overruled defendant's motion for a directed verdict of acquittal which was based on insufficient evidence of her knowledge and intent to defraud.

Mrs. Seaman, who admitted passing the check, testified that she received it through the mail in an envelope marked "Seaman's Auto, Brookfield, Missouri." No return address was shown on the envelope. According to the defendant, one Rex Hughes had brought Ms. Straub's car to Mr. Seaman for repairs and had paid for the work with a $433.18 check, defendant's Exhibit A, drawn on the Linn County State Bank and signed by Margaret Straub. That check was returned marked "no account". Subsequently, Mrs. Seaman told Rex Hughes that "when he seen Margaret to tell her to do something about that check . . . ." She told Hughes that she did not want another check since United Missouri Bank and First Security Bank would not let her cash customers' checks because of previous problems with them. Therefore, when the check in question came in the mail, she assumed that it was partial payment of the amount due. Mrs. Seaman did not know the present whereabouts of Rex Hughes.

In rebuttal, Ms. Straub testified that she did not know any Rex Hughes, had never given anyone by that name authority to take her car to Seaman's Auto Repair, and denied writing defendant's Exhibit A.

■ This court, in reviewing a court-tried criminal conviction, reviews the evidence as though a verdict of guilty had been returned by a jury. *State v. Ore*, 567 S.W.2d 691, 693 (Mo.App.1978). Rule 27.-01(b). The reviewing court determines whether substantial evidence was adduced to support the trial court's finding, considering as true the evidence most favorable to the state and all favorable inferences stemming from the evidence. Evidence and inferences to the contrary are disregarded. *State v. Turnbough*, 604 S.W.2d 742, 744 (Mo.App.1980).

On this appeal Mrs. Seaman complains for the first time that the trial court erred in finding her guilty because the informa-

tion charged that the forged check was payable to "Mart Super Drug" whereas the evidence showed that it was payable to "Mart's". In support of her position, defendant mistakenly relies on one statement in *State v. Small*, 280 S.W. 1033, 1034 (Mo. 1926): "When an information undertakes to set out in what the forgery consists, it must state it truly and prove it as stated." In that case the defendant appealed the *sufficiency* of an information to which he had pleaded guilty. The court at 1034 held:

The forgery alleged in the information is that the accused indorsed the name of the payee, A. C. Lucas, on the front of the draft. To render it negotiable, it was necessary, under its express terms, that it be indorsed on the back of same by the payee, and that the attached voucher be dated and signed by the payee. Neither of these acts is charged as having been committed by the accused. They are averments essential to the validity of the information. A charge of forgery of an indorsement must contain such averments as will make the offense affirmatively appear. When an information undertakes to set out in what the forgery consists, it must state it truly and prove it as stated. (Citations omitted.)

■ Mrs. Seaman, however, is questioning a *variance* between the charge and the proof. Section 546.080 provides in pertinent part that:

Whenever on the trial of any felony or misdemeanor, there shall appear to be any variance between the statement in the indictment or information and the evidence offered in proof thereof, . . . or in the name or description of any matter or thing whatsoever therein named or described . . . , such variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant.

While we would not find that the variance in the instant case to be either "material to the merits of the case" or "prejudicial to

the defense of the defendant", defendant's complaint is in any event not timely. The statute provides that the trial court must find that the variance is fatal. Since Mrs. Seaman did not assert her contention to the trial court, she cannot now urge it for the first time. "The trial court's ruling on the question was necessary to preserve it for appellate review." *State v. Dobson*, 303 S.W.2d 650 (Mo.1957), *cert. denied*, 78 S.Ct. 554, 355 U.S. 964, 2 L.Ed.2d 539.

■ Mrs. Seaman next contends, again for the first time on appeal, that the state's failure to prove that venue lies in Linn County as charged in the information was fatal. She argues that, even by inference, the evidence was insufficient to prove that the offense occurred in Linn County where she was prosecuted. § 541.033 R.S. Mo. 1978. In a criminal case venue must be proved. Since it is not an integral part of the offense, it "need not be proven beyond a reasonable doubt or by direct evidence, rather it can be inferred from all the evidence." *Eichelberger v. State*, 524 S.W.2d 890, 893 (Mo.App.1975). The record shows that the prosecutor identified the location of Mart's Drug store as being "in Brookfield" in his opening statement, that this drugstore presented the check to the United Missouri Bank of Brookfield for payment, and that Mrs. Seaman testified that she was a resident of Brookfield and "passed" the check at Mart's Drug store. The trial judge was entitled to infer that the offense was committed in Linn County.

■ Moreover, "the right of an accused to the place of trial provided by the State Constitution or statute is a personal prerogative which may be waived." *Hogshooter v. State*, 585 S.W.2d 175, 176 (Mo.App.1979). Therefore, even if the facts and circumstances do not support the conclusion that the offense occurred in Linn County, Mrs. Seaman's objection is too late. The information alleged that the offense occurred in Linn County; Mrs. Seaman went to trial in that county with no objection or challenge to the venue; she did not raise this objection in her motion for a directed verdict for acquittal at the conclusion of the state's

case, at the conclusion of all the evidence or at any other time during the trial. Under those facts, Mrs. Seaman has waived the issue of venue. *State v. Speedy*, 543 S.W.2d 251, 255 (Mo.App.1976).

■ In her last points, Mrs. Seaman contends that the trial court erred both in overruling her motion for judgment of acquittal at the close of the state's evidence and in finding her guilty because there was no proof either that she knew the check was illegally made or altered or that she transferred the check with the purpose to defraud. Mrs. Seaman relies on *State v. Massey*, 492 S.W.2d 48, 51–52 (Mo.App.1973), where the court, after reciting the evidence, held:

> From such evidence an inference arises that there is evidence to support a conviction . . . .
>
> Where such facts appear, an inference arises that the person who uttered the check as genuine either forged the instrument or knew it to be forged, unless the uttering or forgery is explained satisfactorily . . . . [A]nd this is true although no representations were made by word or action by the defendant that the check was genuine.
>
> The rule concerning the legal principles of "inference" is well founded concerning the uttering of forged instruments . . . . Possession of a forged instrument by one who utters or seeks to utter it or otherwise to realize on it or profit by it, *without a reasonable explanation of how the possessor acquired it*, warrants an inference that a possessor himself committed the forgery or was a guilty accessory to its commission. (Emphasis added; citations omitted.)

Mrs. Seaman argues that since her explanation of her possession of the check is reasonable, the state may not rely on the inference that by transferring the forged instrument, she knew that it was forged.

It is clear the trial judge rejected Mrs. Seaman's explanation either because he found it to be incredible or unreasonable. This was the trial judge's prerogative, and the evidence supports his finding. It is not

reasonable that Ms. Straub would have paid the repair shop by a check to Mart's. Such a method would have afforded Ms. Straub no proof of payment. Not only did Rex Hughes not appear as a witness, there is no evidence that Mrs. Seaman made any effort to find him or to seek a continuance of the trial until he could be found. In his attempt to corroborate his mother's testimony, Roger Seaman identified this person as "Rex Shouse". Therefore, we defer to the judgment of the trial court who had the opportunity to observe the witnesses and judge their credibility as well as the reasonableness of their explanations.

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.