STATE OF NORTH CAROLINA v. RAMON A. PAGON

No. 8211SC1213

(Filed 4 October 1983)

**1. Criminal Law § 76.3— failure to exclude confession on court's own motion**

There was sufficient evidence of voluntariness of defendant's in-custody statements to eliminate the trial court's duty to exclude the statements on its own motion where there was evidence that defendant had been read his rights twice and that, although defendant's native language was Spanish, he could carry on a conversation in English, and where there was no evidence of threats or promises of reward.

**2. Narcotics § 4— possession of marijuana—possession with intent to sell—sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution of defendant for possession of marijuana and possession of marijuana with intent to sell where it tended to show that defendant was the occupant of a mobile home in which marijuana was found; handheld scales were found in a search of the mobile home; and defendant admitted to officers that he was selling marijuana because it was his only way of making a living.

**3. Criminal Law § 26.5; Narcotics § 1.3— possession of more than ounce of marijuana—possession with intent to sell—punishment for both offenses—double jeopardy**

The constitutional prohibition against double jeopardy forbids punishment of a defendant for both possession of more than one ounce of marijuana and possession of marijuana with intent to sell when the convictions are based upon possession of the same substance and arise out of the same transactions.

**4. Criminal Law § 127— two sentences of equal severity—arrest of judgment on one sentence**

Where judgment must be arrested upon one of two sentences of equal severity because of a double jeopardy violation, the sentence which appears later on the docket, or is second of two counts of a single indictment, or is the second of two indictments, will be stricken.

**5. Constitutional Law § 48— effective assistance of counsel**

A defendant charged with narcotics offenses was not denied the effective assistance of counsel because of the failure of his counsel to object to hearsay testimony concerning control of the mobile home in which narcotics were found, failure of his counsel to object to defendant's confession, failure of his

counsel to object to the results of a test conducted on substances seized during the search of the mobile home, and failure of his counsel to object to imposition of jail terms for both offenses with which defendant was charged.

APPEAL by defendant from *Britt, Judge.* Judgments entered 25 May 1982 in JOHNSTON County Superior Court. Heard in the Court of Appeals 1 September 1983.

Defendant Ramon A. Pagon was arrested 22 January 1982 and, after a search of his mobile home, charged with possession of more than one ounce of marijuana and possession of marijuana with intent to sell. Evidence for the State tended to show the following events. Police officers knocked at defendant's door before the search, and when there was no response, broke a small window, reached through it, and unlocked the door. The officers entered the home and found defendant and another man, named Lawhorn, sitting in the living room. Police read the search warrant and *Miranda* warnings to both men. Neither responded. A search of the home was conducted and revealed about thirty cigarettes in a pepper shaker in the kitchen, two or three cigarettes in defendant's pocket and a plastic bag in a dresser in a bedroom. Later tests identified the substance in the cigarettes and in the bag as marijuana. Pipes, handheld scales and cigarette papers were also discovered during the search. Lawhorn was not arrested, but defendant was placed under arrest and taken to the police station with the officers. On the way to the station, while still in the squad car, defendant was again read his *Miranda* warnings. Although defendant's native language is Spanish, the *Miranda* warnings were given both times in English and no attempt was made to speak to defendant in Spanish. After the second warnings, defendant made several statements in English to police. He stated that he was angry that the trailer window had been broken, that he was selling marijuana because it was his only way of making a living, and that he had a doctor's prescription for the marijuana. Defendant did not expressly indicate that he understood the *Miranda* warnings before he made the statement, nor did he expressly waive his right to remain silent.

A two-count indictment was returned against defendant, charging him with possession of more than one ounce of marijuana and possession of marijuana with intent to sell. Following a one-day trial, the jury returned a verdict of guilty of both counts

of the indictment. Defendant was sentenced to two two-year jail sentences, to run consecutively. From judgment entered on the verdict, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant.*

WELLS, Judge.

[1] Defendant assigns as error that the trial court failed to exclude on its own motion statements defendant made in the police car, despite the fact that defendant's trial counsel did not object to introduction of the statements. A defendant who fails to object to admission of evidence may not later complain about its introduction, even on constitutional grounds. *State v. Mitchell,* 276 N.C. 404, 172 S.E. 2d 527 (1970). Where, however, it appears on the face of the record that defendant's confession was obtained in violation of his constitutional rights, the court may have the duty of excluding the confession on its own motion. *State v. Pearce,* 266 N.C. 234, 145 S.E. 2d 918 (1966). In *Pearce,* the defendant was charged with a capital offense, held in jail for two months without being permitted an attorney and was frequently subjected to interrogations by police. The court noted that in the absence of the protection of an attorney "at a time when (the defendant) . . . was under a charge which could cost his life, the officers continued their questioning which obviously was for the sole purpose of extracting damaging admissions." Under the peculiar circumstances there disclosed the trial court's failure to exclude the statement on its own motion as involuntarily made was error.

The record of the case at bar is bare of the kind of coercive circumstances required to trigger the court's duty to exclude a confession *sua sponte. Pearce, supra.* There was evidence on the face of this record which could lead the trial court to conclude that defendant's confession was voluntarily given and that defendant waived his right to remain silent. First, there was evidence that defendant had lived in the United States for four years and could carry on a conversation with the police officers in English. Second, there was evidence that defendant had validly waived his right to remain silent. Such a waiver need not be express. *North*

*Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed. 2d 286 (1979). North Carolina courts look to a variety of factors to determine whether an effective implied waiver has been given. For instance, in *State v. Vickers,* 306 N.C. 90, 291 S.E. 2d 599 (1982), our Supreme Court found a valid waiver based on evidence showing the defendant was advised of his rights, acknowledged he understood those rights, was coherent at the time, and was neither coerced nor promised a reward for making the statement. Similar factors were cited in *State v. Whitt,* 299 N.C. 393, 261 S.E. 2d 914 (1980), in which a court found a valid waiver based on a showing that the defendant had been read his rights, signed a form indicating he understood those rights, was sober at the time, had not been coerced or threatened, and could write his name.

In the case before us, there was no evidence of threats or promises of reward, and there was evidence defendant could carry on a conversation in English and that he had been read his rights twice. This was sufficient evidence of voluntariness to eliminate the trial court's duty to exclude the confession *sua sponte.* This assignment is overruled.

[2] Defendant next argues the trial court erred in failing to grant his motion to dismiss on the grounds that there was insufficient competent evidence to go to the jury on either charge against defendant. We disagree. A motion for dismissal, like a motion for nonsuit, tests the sufficiency of the evidence to go to the jury. *State v. Jenkins,* 300 N.C. 578, 268 S.E. 2d 458 (1980), *citing State v. Everhart,* 291 N.C. 700, 231 S.E. 2d 604 (1977). A motion for dismissal or nonsuit should be considered in the light most favorable to the State and the State is entitled to every reasonable inference from the evidence presented. *Jenkins, supra, citing, State v. McKinney,* 288 N.C. 113, 215 S.E. 2d 578 (1975). "If there is substantial evidence—whether direct, circumstantial or both—to support a finding that the offense charged has been committed and that the defendant committed it, a case for the jury is made and nonsuit should be denied." *Id.* (Additional citations omitted.)

In reviewing a denial of a motion for nonsuit or dismissal, appellate courts may consider only whether there is sufficient evidence to go to the jury. *State v. Jenkins, supra, State v. Stevens,* 9 N.C. App. 665, 177 S.E. 2d 339 (1970).

State v. Pagon

In the case at bar, the evidence in the light most favorable to the State, was ample to permit the case to go to the jury. Evidence for the State tended to show that defendant was the occupant of the mobile home and that the contraband found there was in his actual or constructive control. Finally, there was evidence of defendant's intent to sell, based on defendant's statements and the fact that scales were found in the search of the home. This assignment is overruled.

[3] Defendant next argues that the trial judge erred in sentencing defendant to two jail terms. We agree. This issue is controlled by our Supreme Court's decision in *State v. McGill,* 296 N.C. 564, 251 S.E. 2d 616 (1979), in which the court held that the constitutional prohibition against double jeopardy forbids punishment of a defendant for both possession with intent to sell marijuana and possession of more than one ounce of marijuana, when the convictions are based upon possession of the same substance and arise out of the same transactions.

In cases in which a defendant is convicted of two offenses in violation of the double jeopardy bar, judgment must be arrested upon one of the convictions. Where the offenses are of equal severity, there appears no set rule concerning which sentence should be stricken. *See, e.g., State v. Carter,* 55 N.C. App. 192, 284 S.E. 2d 733 (1982) (defendant convicted of larceny and felonious possession of same property, possession of stolen property conviction stricken); *State v. Raynor,* 33 N.C. App. 698, 236 S.E. 2d 307 (1977) (conviction of assault on an officer and resisting arrest. Judgment arrested on assault charges); *State v. Fambrough,* 28 N.C. App. 214, 220 S.E. 2d 370 (1975) (defendant convicted of armed robbery of a pistol and armed robbery of money, judgment arrested on armed robbery of money). *Compare,* where there are convictions for two crimes, one of which is a lesser included offense of the other, the court will strike the sentence for the lesser included offense. *State v. Hatcher,* 277 N.C. 380, 177 S.E. 2d 892 (1970).

[4] We hold, for the sake of consistency, that where judgment must be arrested upon one of two sentences of equal severity because of a double jeopardy violation, the sentence which appears later on the docket, or is second of two counts of a single indictment, or is the second of two indictments, will be stricken.

*See State v. Fambrough, supra,* arresting second charge on docket, *but see State v. Raynor, supra,* setting aside first charge. Applying this rule to the case at bar, judgment must be arrested on the conviction of possession of marijuana with intent to sell.

**[5]** Defendant's final argument is that he was denied effective assistance of counsel and should therefore be granted a new trial. Defendant bases his argument on the following acts (or lack thereof) by his trial attorney: failure to object to hearsay testimony concerning control of the mobile home, failure to object to introduction of defendant's confession, failure to object to introduction of the result of a test conducted on substances seized during the search of defendant's home and failure to object to imposition of jail terms for both offenses with which defendant was charged, in violation of the *McGill* rule.

Formerly, our appellate courts measured effectiveness of counsel based on the "farce or mockery" standard. Under this test, a defendant who sought a new trial based on charges of ineffective assistance of counsel had the burden of proving: (1) the conduct of counsel rendered the trial a "mockery" or "farce" and (2) that counsel's incompetence prejudiced the defendant in some way. *State v. Pennell,* 54 N.C. App. 252, 283 S.E. 2d 397 (1981), *appeal dismissed,* 304 N.C. 732, 288 S.E. 2d 804 (1982); Note, "Competence, Prejudice and the Right to 'Effective' Assistance of Counsel," 60 N.C. L. Rev. 185 (1981).

The "farce or mockery" test was abandoned in favor of a "range of competence" test in *State v. Weaver,* 306 N.C. 629, 295 S.E. 2d 375 (1982). Under the test adopted in *Weaver,* counsel must perform "within the range of competence demanded of attorneys in criminal cases." *See also State v. Vickers, supra, citing McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970). While relatively few cases have been decided since the "range of competence" test was adopted, there has been no indication that our Supreme Court intended to change the requirement that defendant carry the burden of proof of showing prejudice. In the case before us, defendant has either failed to show prejudice, or has failed to demonstrate that trial counsel's performance fell below the range of competence required of attorneys in criminal trials.

The judgment and sentence for possession of marijuana with intent to sell is

Vacated.

As to the judgment and sentence for possession

No error.

Judges ARNOLD and EAGLES concur.