STATE OF NORTH CAROLINA v. THOMAS LEE DOW

No. 835SC957

(Filed 21 August 1984)

1. **Narcotics § 4.3— constructive possession of marijuana—sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for possession of marijuana with intent to sell and deliver, and there was no merit to defendant's contention that he was not in actual or constructive possession of the controlled substance found in the automobile in question where there was competent evidence that defendant had custody and possession of the borrowed automobile for three days prior to his arrest, was at all relevant times the custodian of the automobile, and was present in the vehicle when the controlled substance was found.

2. **Larceny § 7.5— defendant as aider and abettor—sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for larceny and possession of stolen goods where it tended to show that defendant drove the two men who actually committed the larceny to the scene of the crime; while the two men were stealing the property, defendant remained nearby in the automobile with the motor running; when the two men returned to the car with the stolen goods, defendant gave one man the car keys so the goods could be placed in the trunk; and defendant was driving the automobile containing the stolen goods and the perpetrators at the time of his arrest.

3. **Larceny § 9— larceny and possession of same stolen goods—conviction for both offenses improper**

Defendant could not properly be convicted of both felony larceny and possession of stolen goods.

APPEAL by defendant from *Stevens, Judge.* Judgment entered 24 February 1983 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 March 1984.

Defendant was charged and convicted of felony larceny, felonious possession of stolen goods, and possession of marijuana with intent to sell and deliver. From judgments imposing active prison terms, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Shipman & Lea, by James W. Lea, III, for defendant appellant.*

JOHNSON, Judge.

The evidence adduced at trial tended to show that on 23 November 1982, defendant, Thomas Dow, drove two men, Joe Harvin and Darryl Thompson, to the Sears store located in Independence Mall, Wilmington, North Carolina. Harvin and Thompson went into the store while defendant waited in the automobile with the motor running. A short time later, Harvin and Thompson returned to the automobile, walking very fast and carrying two chain saws which they placed in the trunk of defendant's automobile. Defendant left the scene of the crime with the two men and the chain saws. The three men drove to a house on Hanover Street where Harvin and Thompson removed the chain saws from the trunk and took them to the door of the house. Defendant remained in the automobile. Within a few minutes, they returned to the automobile and placed the chain saws on the rear seat. The three men then drove to a second house where Harvin got out while defendant and Thompson remained in the automobile. After Harvin returned to the automobile and as defendant began to drive away, a police officer arrived and signaled defendant to stop. On reaching the automobile, the officer observed two chain saws on the rear seat. Defendant was removed from the automobile and placed under arrest. While the officer was talking with defendant, several other officers arrived at the scene. One of the officers approached the automobile and asked Harvin to remain in the vehicle. At that time, the officer noticed three small manila envelopes on the rear floor of the automobile. The officer picked up one of the envelopes and examined the contents. As Harvin and Thompson were being removed from the vehicle, one of them lifted the right rear floor

mat and revealed nine additional manila envelopes. The substance contained in the twelve envelopes was identified as marijuana.

At the close of the State's evidence, the defendant's motion for dismissal was denied. Defendant testified that the automobile belonged to his adult daughter and that it had been in his custody for approximately three days prior to his arrest. He stated that Harvin and Thompson paid him $13.00 to drive them to Sears. He did not question them as to the nature of their business transaction at Sears. He also testified that the marijuana found in the automobile belonged to Harvin.

At the close of all the evidence, the defendant's motion for dismissal of all charges against him was again denied.

Defendant assigns error to the trial court's denial of his motions to dismiss made at the close of the State's evidence and at the close of all the evidence. He challenges the legal sufficiency of the evidence to go to the jury on each of the charges against him.

By presenting evidence at trial, defendant waived his right to assert the denial of his motion for dismissal at the close of the State's evidence as error on appeal. G.S. 15-173; *State v. Mendez*, 42 N.C. App. 141, 146, 256 S.E. 2d 405, 408 (1979). However, his motion made at the close of all the evidence draws into question the sufficiency of all the evidence to go to the jury. *State v. Stewart*, 292 N.C. 219, 223, 232 S.E. 2d 443, 447 (1977). On a motion to dismiss, the evidence is considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Simmons*, 57 N.C. App. 548, 550, 291 S.E. 2d 815, 817 (1982). Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. *State v. Summitt*, 301 N.C. 591, 600, 273 S.E. 2d 425, 430, *cert. denied*, 451 U.S. 970, 101 S.Ct. 2048, 68 L.Ed. 2d 349 (1981); *State v. Gray*, 56 N.C. App. 667, 672, 289 S.E. 2d 894, 897, *disc. rev. denied*, 306 N.C. 388, 294 S.E. 2d 214 (1982).

With these principles in mind, we now consider whether the evidence was sufficient to go to the jury on each of the three charges against defendant.

[1]  Defendant argues, first, that the State's evidence on the charge of possession of marijuana with intent to sell and deliver

was insufficient. He contends that there was no evidence that he was either in actual or constructive possession of the controlled substance found in the automobile. We disagree.

A defendant has possession of a controlled substance when he has both the power and intent to control its disposition or use. *State v. Summers*, 15 N.C. App. 282, 283, 189 S.E. 2d 807, 808, *cert. denied*, 281 N.C. 762, 191 S.E. 2d 359 (1972). Possession may be either actual or constructive. *State v. Crouch*, 15 N.C. App. 172, 174, 189 S.E. 2d 763, 764, *cert. denied*, 281 N.C. 760, 191 S.E. 2d 357 (1972). Constructive possession exists when there is no actual personal dominion over the controlled substance, but there is an intent and capability to maintain control and dominion over it. *State v. Spencer*, 281 N.C. 121, 129, 187 S.E. 2d 779, 784 (1972); *State v. Crouch, supra*, at 174, 189 S.E. 2d at 764-765.

Had the defendant, in the instant case, owned the automobile, an inference that he was in constructive possession of the controlled substance found therein would have been permissible. *State v. Glaze*, 24 N.C. App. 60, 64, 210 S.E. 2d 124, 127 (1974). An inference of constructive possession can also arise from evidence which tends to show that a defendant was the custodian of the vehicle where the controlled substance was found. In fact, the courts in this State have held consistently that the "driver of a borrowed car, like the owner of the car, has the power to control the contents of the car." *Id.* at 64, 210 S.E. 2d at 127; *State v. Wolfe*, 26 N.C. App. 464, 467, 216 S.E. 2d 470, 473, *cert. denied*, 288 N.C. 252, 217 S.E. 2d 677 (1975). Moreover, power to control the automobile where a controlled substance was found is sufficient, in and of itself, to give rise to the inference of knowledge and possession sufficient to go to the jury. *See State v. Harvey*, 281 N.C. 1, 13, 187 S.E. 2d 706, 714 (1972).

In this case, there was competent evidence that the defendant had custody and possession of the borrowed automobile for three days prior to his arrest. There was evidence that the defendant was, at all times relevant herein, the custodian of the automobile and was present, therein, when the controlled substance was found. Therefore, the defendant's control of the premises where the controlled substance was found was sufficient to require submission of the issue of possession to the jury.

[2] There was also ample evidence to warrant submission of the case to the jury on the charges of larceny and possession of stolen goods. A defendant may be found guilty of an offense under the principles of acting in concert if he is:

> present at the scene of the crime and the evidence is suffi-
> cient to show he is acting together with another who does
> the acts necessary to constitute the crime pursuant to a com-
> mon plan or purpose to commit the crime.

*State v. Joyner*, 297 N.C. 349, 357, 255 S.E. 2d 390, 395 (1979). A defendant may, also, be found guilty of an offense by reason of aiding and abetting if he:

> accompanies the actual perpetrator to the vicinity of the of-
> fense and, with the knowledge of the actual perpetrator, re-
> mains in that vicinity for the purpose of aiding and abetting
> in the offense and sufficiently close to the scene of the of-
> fense to render aid in its commission, if needed, or to provide
> a means by which the actual perpetrator may get away from
> the scene upon the completion of the offense.

*State v. Price*, 280 N.C. 154, 158, 184 S.E. 2d 866, 869 (1971); *State v. Pryor*, 59 N.C. App. 1, 7, 295 S.E. 2d 610, 615 (1982).

Applying these principles to the evidence adduced at trial, we think a jury could reasonably find that defendant committed the offenses of larceny and possession of stolen goods by reason of aiding and abetting or acting in concert. The evidence at trial tended to show that defendant drove the two men who actually committed the larceny to the scene of the crime. There was eye-witness testimony that while the two men were actively stealing the property, defendant remained nearby in the automobile with the motor running. There was also testimony that when Harvin and Thompson returned to the automobile with the stolen goods, defendant gave Thompson the car keys and the goods were placed in the trunk. There was also evidence that defendant was driving the automobile containing the stolen goods and the perpe-trators at the time of his arrest. Moreover, there was uncon-troverted evidence that the stolen goods were found on the rear seat of the automobile with which they were linked by the eye-witness. Based on the foregoing, a jury could reasonably conclude that defendant, together with his accomplices, committed the of-

fenses of larceny and possession of stolen goods. Accordingly, we hold that the evidence in this case was legally sufficient for the jury to have concluded that defendant committed the offenses charged in the indictment. This assignment of error is without merit.

[3]  By his second assignment of error, defendant contends that the court erred in denying his motion to arrest judgment. He contends that he should not have been convicted of both felony larceny and possession of stolen goods. We agree.

We find *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982), dispositive of this issue. In *Perry*, the Supreme Court concluded that the legislature did not intend to punish a defendant for both larceny of the property and possession of the same property which he stole. *Id.* at 234-235, 287 S.E. 2d at 816. The Supreme Court held that "though a defendant may be indicted and tried on charges of larceny, receiving, and possession of the same property, he may be convicted of only one of those offenses." *Id.* at 236-237, 287 S.E. 2d at 817. *See also, State v. Andrews*, 306 N.C. 144, 291 S.E. 2d 581, *cert. denied*, 459 U.S. 946, 103 S.Ct. 263, 74 L.Ed. 2d 205 (1982). Although the trial judge in the case *sub judice* consolidated the verdicts in the larceny and the possession of stolen goods cases for sentencing, the defendant's convictions in *both* cases are in contravention of the "bright line" rule of *Perry*. Since the defendant can only be convicted of either the larceny or the possession of stolen property, judgment must be arrested in one of the two cases. In determining which of the judgments should be arrested, we are guided by *State v. Pagon*, 64 N.C. App. 295, 307 S.E. 2d 381 (1983). In *Pagon*, this Court held:

> that where judgment must be arrested upon one of two sentences of equal severity because of a double jeopardy violation, the sentence which appears later on the docket, or is second of two counts of a single indictment, or is the second of two indictments, will be stricken.

*Id.* at 299, 307 S.E. 2d at 384. Applying this rule and the "bright line" rule of *Perry* to the case *sub judice*, we vacate judgment on the conviction of felonious possession of stolen goods.

Error is also assigned to portions of the jury instructions. Our careful examination of the jury instructions in their entirety reveals that the instructions substantially reflect the law arising on the evidence in this case. Hence, this assignment of error is without merit.

As to the conviction of possession of marijuana with intent to sell and deliver: No error.

As to the conviction of felonious larceny: No error.

As to the conviction of possession of stolen property: Judgment vacated.

Judges HEDRICK and HILL concur.