State v. George

No. 8420SC1217

(Filed 29 October 1985)

1. **Criminal Law § 75.15; Automobiles and Other Vehicles § 126.5— incriminating statements by defendant—not so impaired as to prevent a voluntary waiver of rights**

    In a prosecution for driving while impaired in which defendant had admitted taking 72 sleeping pills with a can of beer, the trial court did not err by denying defendant's motion to suppress those statements, based on his contention that he was too impaired by the sleeping pills to make an intelligent and voluntary waiver, where the arresting officer testified that in his opinion defendant's faculties were appreciably impaired because of defendant's swaying and from the way he talked, defendant was able to follow instructions applicable to sobriety tests administered by the officer and to read and sign the waiver of rights form, and there was no evidence that defendant was not conscious of his words.

2. **Automobiles and Other Vehicles § 127.1— driving while impaired—evidence sufficient**

    The trial court did not err by denying defendant's motion to dismiss the charge of driving while impaired where the evidence was that an officer observed defendant's vehicle weaving back and forth across the highway; when defendant was stopped the officer observed the odor of alcohol on his breath, slurred speech, an unsteady walk, and that defendant had failed to stop within a reasonable time for a blue light; defendant failed to perform satisfactorily on field sobriety tests; and defendant admitted having taken 72 sleeping pills. G.S. 20-138.1, G.S. 20-4.01(48a).

APPEAL by defendant from *Walker, Judge.* Judgment entered 12 July 1984 in Superior Court, UNION County. Heard in the Court of Appeals 28 August 1985.

On 22 February 1984 at approximately 9:55 p.m., Officer David Williams observed defendant driving a motor vehicle in

Monroe, North Carolina. Defendant was stopped for driving while impaired, arrested and transported to the police department for a breathalyzer test. Before administering the breathalyzer test, Williams advised defendant of his constitutional rights. The breathalyzer reading was .00. The defendant was again advised of his constitutional rights, and in response to questioning by Williams, defendant stated that he had taken 72 Revco sleeping pills around 9:30 p.m., and that he had swallowed the pills with a can of beer. Upon a jury verdict of guilty of driving while impaired, the court imposed Level Five punishment. Defendant appealed.

*Attorney General Thornburg by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Harry B. Crow, Jr., for defendant appellant.*

PARKER, Judge.

[1]  In his first assignment of error, defendant contends the court erred in denying his motion to suppress the statements made to Officer Williams because defendant did not intelligently and voluntarily waive his Fifth, Sixth and Fourteenth Amendment rights before making these statements. This argument is without merit.

The trial court held a *voir dire* examination during which Officer Williams was the only witness to testify. Based on this testimony, the court concluded that defendant's statement was admissible. The trial court did not make findings of fact to show the basis of his ruling, but "[w]here no material conflict in the evidence on *voir dire* exists, it is not error to admit a confession without making specific findings of fact . . ." *State v. Siler*, 292 N.C. 543, 549, 234 S.E. 2d 733, 737 (1977).

The thrust of defendant's argument is that he could not have waived his constitutional rights because he was too impaired by the sleeping pills to make an intelligent and voluntary waiver. Defendant relies on Officer Williams' testimony that in his opinion from the way defendant swayed and from the way defendant talked, defendant's faculties were appreciably impaired. However, our Supreme Court, in *State v. Parton*, 303 N.C. 55, 277 S.E. 2d 410 (1981), addressed a similar argument as follows:

The fact that defendant was intoxicated at the time of his confession does not preclude the conclusion that defendant's statements were freely and voluntarily given. An inculpatory statement is admissible unless the defendant is so intoxicated as to be unconscious of his words.

*Id.* at 69, 277 S.E. 2d at 420.

Notwithstanding defendant's sleepy, unsteady condition, he was able to follow instructions applicable to the sobriety tests requested by Williams and to read and sign the waiver of rights form. There was no evidence that defendant was unconscious of his words. The State carried its burden that the statements were voluntarily made. The trial judge's ruling, which denied defendant's motion to suppress, was supported by competent evidence and will not be disturbed on appeal. *State v. Logner,* 266 N.C. 238, 145 S.E. 2d 867 (1967). This assignment of error is overruled.

[2] Next, defendant contends the court erred in denying his motion to dismiss at the close of the State's evidence and at the close of all evidence. Although defendant waived his right to assert the denial of his motion for a dismissal at the close of the State's evidence by presenting evidence at trial, defendant's motion to dismiss made at the close of all evidence properly preserves for consideration the sufficiency of the evidence to go to the jury. *State v. Dow,* 70 N.C. App. 82, 318 S.E. 2d 883 (1984). All evidence admitted, whether competent or incompetent, must be considered by the trial judge in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. *State v. Brown,* 310 N.C. 563, 313 S.E. 2d 585 (1984).

Defendant was charged under G.S. 20-138.1 which provides:

(a) Offense — A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance;
. . .

This offense is proven by evidence that defendant drove a vehicle on any highway in this state while his physical or mental faculties, or both, were "appreciably impaired by an impairing

substance." G.S. 20-4.01(48a). Officer Williams testified that he observed defendant's vehicle weaving back and forth across the highway. When defendant was stopped, Williams observed that he had the odor of alcohol on his breath, that his speech was slurred, that his walk was unsteady, and that he failed to stop within a reasonable time after Williams turned on his blue lights. Williams also testified that defendant failed to perform satisfactorily on the field sobriety tests. This evidence, coupled with defendant's admission to having taken 72 sleeping pills, was sufficient evidence to go to the jury on the charge of driving while impaired. Defendant's argument that he was "forced" to take the stand to defend against what he asserts were improperly admitted statements has been rejected by our Supreme Court in *State v. McDaniel*, 272 N.C. 556, 158 S.E. 2d 874 (1968).

We find defendant received a fair trial, free from prejudicial error.

No error.

Judges JOHNSON and EAGLES concur.