STATE OF NORTH CAROLINA v. RONALD McGILL

No. 123

(Filed 5 February 1979)

**Narcotics § 1.3— possession with intent to sell and deliver marijuana—possession of more than one ounce of marijuana—no lesser included offense**

The offense of possession of more than one ounce of marijuana is not a lesser included offense of possession with intent to sell or deliver marijuana, so the State was not required to make an election between the two offenses; however, defendant could not be punished for both offenses because of possession of the same contraband, and the trial court properly instructed the jury to consider first the offense of possession with intent to sell or deliver marijuana, and if and only if they found him not guilty of that offense were they to consider the charge of possession of more than one ounce of marijuana.

Justice BROCK took no part in the consideration or decision of this case.

ON petition for discretionary review of the decision of the Court of Appeals, 38 N.C. App. 29, 247 S.E. 2d 33 (1978) (*Hedrick, J.*, concurred in by *Brock, C.J.*, and *Webb, J.*), which found no error in the judgment of *Walker, S.J.*, entered in the 3 November 1977 Criminal Session of MECKLENBURG County Superior Court.

The defendant was charged in an indictment, proper in form, with possession of more than one ounce of marijuana. In a separate bill of indictment, proper in form, he was charged with possession with intent to sell or deliver marijuana. The defendant made pretrial motions to require the State to elect between the two charges and to dismiss the charge of possession with intent to sell or deliver. Rulings on both motions were reserved by the trial judge until a later time.

At trial the evidence for the State tended to show the following:

On 26 November 1976 the residence located at 929 Beal Street, Apartment 8 in Charlotte, North Carolina, was searched for marijuana pursuant to a search warrant issued earlier that day. The defendant, his son, the younger brother of a woman who lived there, and an adult male identified as Lind Criddell were in the apartment at that time. The defendant told the police officers that he lived there.

The officers found four white plastic bags containing marijuana on the floor of the closet in one of the bedrooms. They also discovered two small plastic bags of marijuana in a shoe box on top of the dresser. An official laboratory analysis of the substance contained in the larger bags indicated that it totaled over 3,400 grams. A .38 caliber revolver was located in a dresser drawer, and $300 was found in a man's tweed coat hanging in the closet. A letter addressed to the defendant at 929 Beal Street, Apartment 8 was on the dresser.

The policemen seized all these items, arrested the defendant and advised him of his rights. The officers then began questioning Lind Criddell after reading him his rights. At that time the defendant informed the officers that "Mr. Criddell did not live there, and that he knew nothing about anything in the apartment, that everything in the apartment was his."

The evidence for the defendant tended to show the following:

The residence located at 929 Beal Street, Apartment 8 is occupied by Amelia McDaniel and her son. The defendant was the father of the child but was not married to Ms. McDaniel. No one

else lived there. This fact was testified to by Barry McDaniel, who is Amelia McDaniel's brother, the defendant and Lind Criddell.

On 26 November 1976 the defendant was living with his mother, his brother and his sister at 336 Yorkshire Drive in Charlotte. At that time he earned his living by managing and singing in a band.

On 26 November 1976 the defendant and Lind Criddell had just gotten back from New York City. They went to Amelia McDaniel's apartment so that the defendant could visit his son, which he did periodically. As defendant did not have a key to that apartment, Ms. McDaniel's brother let them in.

The defendant did not know that a letter addressed to him at 929 Beal Street, Apartment 8 was in the apartment; he had never seen it. The defendant intentionally received some of his business mail at that address to "keep the agencies working with our group separated," and Amelia McDaniel had permission to open any of defendant's mail that came there.

The defendant did not know there was any marijuana in the apartment, and he was surprised when the police officers found it. He denied ever having stated that everything in the apartment belonged to him.

The judge instructed the jury to consider the two charges against the defendant in the alternative. The jury found the defendant not guilty of possessing marijuana with intent to sell or deliver it and guilty of possessing more than one ounce of marijuana. The defendant appealed. The Court of Appeals found that the defendant had a trial free from prejudicial error, and this Court granted defendant's petition for discretionary review.

*Laura A. Kratt for the defendant.*

*Attorney General Rufus L. Edmisten by Associate Attorney Christopher P. Brewer for the State.*

COPELAND, Justice.

For the reasons stated below, we find no error in defendant's trial; therefore, the decision of the Court of Appeals is affirmed.

State v. McGill

In his first assignment of error, the defendant argues the trial court erred in not requiring the State to elect before trial between the two charges against the defendant. We do not agree.

The defendant contends that because the crime of possession of more than one ounce of marijuana is a lesser included offense of possession with intent to sell or deliver marijuana,[1] the State was required to choose under which theory they were proceeding. Otherwise, he claims, the accused is prejudiced because the jury hears multiple charges against him and infers greater criminal activity than actually exists. The defendant states in his brief that his argument "is addressed to the limited situation dealing with multiple charges of a particular kind, that is, a principal charge and, in a separate indictment, its lesser included offense, and does not consider any other possible composition of multiple or duplicate charges."

The fault in defendant's position lies in his underlying premise that one charge in question is a lesser included offense of the other. While this Court has stated that simple possession of contraband is a lesser included offense of possession with intent

---

1. Both offenses are included in G.S. 90-95, which reads in relevant part:

"(a) Except as authorized by this Article, it is unlawful for any person:

(1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance;

(2) To create, sell or deliver, or possess with intent to sell or deliver, a counterfeit controlled substance;

(3) To possess a controlled substance.

(b) Any person who violates G.S. 90-95(a)(1) with respect to:

*    *    *

(2) A controlled substance classified in Schedule III, IV, V, or VI shall be guilty of a felony and shall be sentenced to a term of imprisonment of not more than five years or fined not more than five thousand dollars ($5,000), or both in the discretion of the court, but the transfer of less than 5 grams of marijuana for no remuneration shall not constitute a delivery in violation of G.S. 90-95(a)(1);

*    *    *

(d) Any person who violates G.S. 90-95(a)(3) with respect to:

*    *    *

(4) A controlled substance classified in Schedule VI shall be guilty of a misdemeanor and shall be fined not more than one hundred dollars ($100.00); but if the quantity of the controlled substance exceeds one ounce (avoirdupois) of marijuana . . . , the violation shall be a felony punishable by a term of imprisonment of not more than five years or a fine of not more than five thousand dollars ($5,000), or both in the discretion of the court."

Under G.S. 90-94, marijuana is a Schedule VI controlled substance.

to sell or deliver the same matter, *State v. Aiken*, 286 N.C. 202, 209 S.E. 2d 763 (1974), that reasoning does not control this case. One crime is not a lesser included offense of another "[i]f each of two criminal offenses, as a matter of law, requires proof of some fact, proof of which fact is not required for conviction of the other offense." *State v. Overman*, 269 N.C. 453, 465, 153 S.E. 2d 44, 54 (1967). *See also State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1972).

To prove the offense of possession of over one ounce of marijuana, the State must show possession and that the amount possessed was greater than one ounce. To prove the offense of possession with intent to sell or deliver marijuana, the State must show possession of any amount of marijuana and that the person possessing the substance intended to sell or deliver it. Thus, the two crimes each contain one element that is not necessary for proof of the other crime. One is not a lesser included offense of the other.

This does not mean, however, that a defendant can be punished for both offenses because of possession of the *same* contraband. Multiple punishment is one facet of the prohibition against double jeopardy. *See State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977). That rule applies "[w]here two or more offenses of the same nature are by statute carved out of the same transaction and are properly the subject of a single investigation." *State v. Midgett*, 214 N.C. 107, 110, 198 S.E. 613, 614 (1938) (quoting *Dowdy v. State*, 158 Tenn. 364, 366, 13 S.W. 2d 794, 794 (1929)). *See also In re Powell*, 241 N.C. 288, 84 S.E. 2d 906 (1954).

It is clear that the State charged the defendant with both these offenses so that the evidence would conform to the pleadings under either means of proving felonious possession. An election is not required in this situation.

> "The rule here is, that where the indictment contains charges that are actually distinct, and grow out of different transactions, in such cases the Court will compel the State to elect, or will quash. But where it appears by the indictment . . . that the charges in the several counts relate to the same transaction, varied and modified merely to meet the probable proofs, the Court cannot either quash or compel an election." *State v. Eason*, 70 N.C. 88, 91-92 (1874).

Although the charges here were contained in two separate indictments, they may be treated as separate counts of the same indictment. *See, e.g., State v. Stephens,* 170 N.C. 745, 87 S.E. 131 (1915).

In this case the judge instructed the members of the jury to first consider the offense of. possession with intent to sell or deliver marijuana. If and only if they found him not guilty of that offense were they to consider the charge of possession of more than one ounce of marijuana. The able trial judge followed the correct procedure in this situation. *See State v. Meshaw,* 246 N.C. 205, 98 S.E. 2d 13 (1957).

This Court has applied the same rule in felony-murder situations. In *State v. Boyd,* 287 N.C. 131, 214 S.E. 2d 14 (1975), the defendant was charged in two separate indictments with first degree murder and first degree burglary. The charges were consolidated for trial. The defendant made a pretrial motion to require the State to elect whether it was going to proceed on the theory of felony-murder or on both indictments separately, in which case premeditation and deliberation would be the basis for the crime of first degree murder. We held that the trial court's denial of the defendant's motion was correct. *See also State v. Swift,* 290 N.C. 383, 226 S.E. 2d 652 (1976). This assignment of error is overruled.

The defendant also asks us to review the two other questions that were presented to the Court of Appeals. We have examined them and find them without merit for the reasons stated by that court.

It appears in the record that the trial court made a technical error and dismissed the wrong case after the jury returned its verdict. The judge inadvertently entered judgment on case number 76CRS69883, which was possession with intent to sell or deliver marijuana and of which the jury found defendant not guilty. He then dismissed case number 76CRS69882, possession of more than one ounce of marijuana, the crime of which the jury found defendant guilty. Therefore, we direct the Court of Appeals to return the case to Mecklenburg County Superior Court with directions to reinstate case number 76CRS69882 and to dismiss case number 76CRS69883.

For the foregoing reasons, the decision of the Court of Appeals is

Affirmed.

Justice BROCK did not participate in the consideration or decision of this case.