STATE OF NORTH CAROLINA v. BRUCE LEE OLIVER

No. 841SC326

(Filed 19 February 1985)

1. **Criminal Law § 162— failure to include excluded evidence in record**
    Defendant could not complain that the trial court erred in excluding a portion of his testimony as hearsay where defendant failed properly to preserve the proffered testimony in the record.

2. **Criminal Law § 163; Narcotics § 4.5— two offenses—order of consideration by jury—instructions improper—failure to request proper instruction**
    Though the trial court erred in instructing the jury first to consider the offense of possession of more than one gram of cocaine and if it found defendant guilty of that offense, second, to consider the charge of possession with intent to manufacture, rather than in the reverse order, defendant was not prejudiced where he declined the opportunity to request additions or suggest corrections to the charge both before and after the jury was instructed; moreover, the error was not fundamental and did not have a probable impact on the jury's finding of guilt so as to require a new trial for defendant. App. Rule 10(b)(2).

3. **Narcotics § 5— possession with intent to sell cocaine—possession of cocaine—punishment for both improper**
    Defendant could not be sentenced both for possession of cocaine and for possession with intent to manufacture, sell, and deliver the same cocaine.

APPEAL by defendant from *Phillips, Judge*. Judgment entered 14 October 1983 in Superior Court, DARE County. Heard in the Court of Appeals 8 January 1985.

Defendant was arrested in the home of co-defendant during a search pursuant to a valid warrant. He was charged with felonious possession with intent to manufacture, sell, and deliver cocaine and felonious possession of more than one gram of cocaine.

The evidence for the State tended to show the following:

On 3 April 1983 officers entered the home of co-defendant where an officer saw defendant run down a hallway with a plate in his hand. Defendant threw the plate in the air, it landed on a bed, and a white powdery substance—later identified as cocaine—fell on the bed. Items found in co-defendant's kitchen and seized pursuant to the search warrant included baggies containing cocaine, a set of Hause triple beam scales, a weighing plate, and two

small measuring cups. Items seized from co-defendant's bedroom included a sifter, a plastic straw, a razor blade, four bags of white powder identified as cocaine, and co-defendant's business records.

None of the items seized belonged to defendant. However, his latent fingerprints were found on a plate, an outside corner of a plastic bag, an inside corner of a plastic bag, and the set of scales.

The evidence for defendant tended to show the following:

Defendant met co-defendant in January or February 1983 when he entered the County to sell some of his property there. At the time of arrest he was in the area on business and was staying in the guest room of co-defendant. Defendant saw no controlled substances at the home of co-defendant until he awakened at about 2:15 the morning of the arrest. At that time he noted the items subsequently identified at trial; he was surprised and shocked at the presence of drugs and drug paraphernalia at co-defendant's home. Out of curiosity he examined some of the items in the home, but did not bag, package, or repackage any of the substances. After the police knocked at the door, he carried a plate down the hall in response to gestures or words by co-defendant.

No drugs were found on defendant's person or in his clothing or car. Defendant testified that he does not use drugs.

From a judgment of imprisonment entered upon verdicts of guilty on both counts, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Wilson Hayman, for the State.*

*Lee & Finch, by Gerald Bruce Lee, and Wishart, Norris, Henninger and Pittman, P.A., by Diana Lee Evans, for defendant appellant.*

WHICHARD, Judge.

Defendant assigns three errors: the exclusion of a portion of his testimony as hearsay; the failure of the court properly to instruct the jury of the charges against him in the alternative; and the imposition of two sentences based on convictions of possession of the same contraband.

I.

[1]   The evidentiary ruling to which defendant excepts occurred in the following testimony:

A. . . .[Co-defendant] came up to me and leaned down and said "I think—

Mr. Williams: Objection

The Court: Sustained

Q. What was [sic] her actions?

A. Her actions were that she wanted to clean—

Mr. Williams: Objection

The Court: Sustained

A. Her actions were to come to the counter and start picking everything up.

The testimony continued:

Q. And what, if anything, did you do at that time?

A. At that point, she was picking things up off the counter and she went down the hallway and I was sitting there watching T.V. I'm a guest in her home and at that point I had stood up and there were two plates on the end of the counter, and I picked them up and I walked down the hallway.

Defendant contends that: where the court sustained the objection against him he would have testified that co-defendant gestured to him to pick up the plates containing the cocaine; this testimony would have indicated co-defendant's intent to control and possess the cocaine; and from this testimony the jury "could have found [defendant] was merely at the wrong place at the wrong time, and . . . had no intention to possess or manufacture the controlled substance which he was observed carrying."

Defendant's failure properly to preserve the proffered testimony in the record, however, is dispositive of his exception. "Where the record fails to show what the answer would have been had the witness been permitted to answer, the exclusion of such testimony cannot be held prejudicial." *State v. Miller*, 288

N.C. 582, 593, 220 S.E. 2d 326, 335 (1975). We are satisfied, moreover, that even if defendant had been permitted to answer as he here contends he would have, there is no reasonable possibility that the jury would have reached a different result. *See* G.S. 15A-1443. The testimony immediately following that objected to, *supra*, and other testimony repeated throughout the record, gave the jury ample opportunity to find that defendant "was merely at the wrong place at the wrong time." *See, e.g., State v. McCoy*, 303 N.C. 1, 27, 277 S.E. 2d 515, 533-34 (1981).

## II.

[2] Defendant was charged with possession with intent to manufacture, sell, and deliver cocaine, G.S. 90-95(a)(1), and possession of more than one gram of cocaine, G.S. 90-95(d)(4), stemming from the seizure of 6.36 grams of cocaine and assorted paraphernalia at co-defendant's residence. Defendant assigns error to the order in which the jury was instructed to consider the offenses for verdict.

In *State v. McGill*, 296 N.C. 564, 251 S.E. 2d 616 (1979), our Supreme Court defined the correct procedure by which to charge a jury in the present situation: the court is to instruct the jury first to consider the offense of possession with intent to manufacture, sell, or deliver the controlled substance; if and only if the jury finds defendant not guilty of that offense is it to consider the charge of possession of more than one gram. *Id.* at 569, 251 S.E. 2d at 619-20. In this case the court instructed the jury first to consider the offense of possession of more than one gram and if it found defendant guilty of that offense, second, to consider the charge of possession with intent to manufacture. This instruction was erroneous.

Rule 10(b)(2) of the Rules of Appellate Procedure provides:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . . provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury . . . .

Defendant declined the opportunity to request additions or suggest corrections to the charge both before and after the jury was

instructed. No exception to the charge appears in the record; in its absence defendant urges us to apply the plain error rule adopted in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

To mitigate the potential harshness of Rule 10(b)(2), the plain error rule allows the appellate court to cure errors or defects affecting substantial rights which were not brought to the attention of the court below. *See State v. Black*, 308 N.C. 736, 740, 303 S.E. 2d 804, 806-07 (1983). The rule, however, "is always to be applied cautiously and only in the exceptional case where . . . the claimed error is a *fundamental* error . . . . *Odom*, 307 N.C. at 660, 300 S.E. 2d at 378, quoting *United States v. McCaskill*, 676 F. 2d 995, 1002 (4th Cir. 1982). In the case of erroneous jury instructions, plain error will be found only "where it can be fairly said 'the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.' " *Id.*

After a careful review of the record, we cannot say the court's failure to instruct as per *McGill*, 296 N.C. 564, 251 S.E. 2d 616, had a probable impact on the jury's findings. *See, e.g., State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984) (jury instructions which permitted conviction upon theory not supported by indictment for first degree kidnapping had probable impact on verdict and error was plain). Defendant concedes that the court properly instructed the jury concerning the elements of the two offenses and was correct in sending both charges to the jury. We thus do not believe this is the "exceptional" case in which the error was "fundamental" and had a "probable impact" on the jury's finding of guilt. *Odom*, 307 N.C. 655, 300 S.E. 2d 375.

### III.

[3] Defendant contends the court erred in sentencing him both to two years for possession of cocaine and to three years for possession with intent to manufacture, sell, and deliver the same cocaine. We agree. Defendant cannot be punished for both offenses based on possession of the same contraband. *McGill*, 296 N.C. at 568, 251 S.E. 2d at 619. *See also State v. Pagon*, 64 N.C. App. 295, 299, 307 S.E. 2d 381, 384 (1983). "Multiple punishment is one facet of the prohibition against double jeopardy. (Citations omitted.) That rule applies '[w]here two or more offenses of the same nature are by statute carved out of the same transaction

and are properly the subject of a single investigation.' (Citations omitted.)." *McGill*, 296 N.C. at 568, 251 S.E. 2d at 619.

The jury here found the presence of all the elements of the charge of possession with intent to manufacture. Defendant does not contend that the evidence was insufficient to support that finding. We therefore, pursuant to *McGill*, sustain the conviction and sentence on the greater charge and arrest judgment on the lesser.

As to the charge of felonious possession of cocaine with intent to manufacture, sell, and deliver, no error.

As to the charge of felonious possession of more than one gram of cocaine, judgment arrested.

Chief Judge HEDRICK and Judge PARKER concur.