STATE OF NORTH CAROLINA v. ANTHONY JOSEPH PERRY

No. 8627SC701

(Filed 3 February 1987)

**Narcotics § 2 — possession of more than one ounce of marijuana — sufficiency of indictment**

An indictment alleging that defendant "did possess with intent to sell and deliver a controlled substance, namely more than one (1) ounce of Marijuana" was sufficient to support defendant's conviction of possession of more than one ounce of marijuana.

APPEAL by defendant from *Ross, Judge.* Judgment entered 12 February 1986 in Superior Court, LINCOLN County. Heard in the Court of Appeals 9 December 1986.

Defendant was indicted as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the date of the offense shown [17 June 1985] and in the county named above the defendant named above unlawfully, willfully and feloniously did possess with intent to sell and deliver a controlled substance, namely more than one (1) ounce of Marijuana, which is included in Schedule VI of the North Carolina Controlled Substances Act, in violation of the General Statutes of North Carolina and against the peace and dignity of the State.

Defendant pleaded not guilty and was tried before a jury.

The State presented evidence tending to show the following facts. On 17 June 1985, defendant was arrested at his home pursuant to a warrant charging him with assault. Immediately prior to his arrest, defendant was a passenger in a truck driven by another individual. Subsequent to defendant's arrest, the truck was searched and a shaving kit containing 40 grams of marijuana and a gun were found on the floor of the passenger side of the truck. Defendant admitted that the marijuana and gun belonged to him.

The trial judge submitted four possible verdicts: (1) guilty of possession with the intent to sell or deliver a controlled substance; to wit, marijuana; (2) guilty of possession of more than one ounce of the controlled substance marijuana; (3) guilty of possession of marijuana; and (4) not guilty. The jury convicted defendant of possession of more than one ounce of marijuana. From the judgment imposing a five-year term of imprisonment, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Randy Meares, for the State.*

*John O. Lafferty, Jr. for defendant appellant.*

ARNOLD, Judge.

Defendant contends that he was not charged with possession of more than one ounce of marijuana and therefore the trial judge erred in charging the jury on the alternative verdict of possession of more than one ounce of marijuana.

To prove the offense of possession of over one ounce of marijuana, the State must show possession and that the amount possessed was greater than one ounce. *State v. McGill*, 296 N.C. 564, 251 S.E. 2d 616 (1979).

We do not agree with defendant's contention that he was not charged with possession of more than one ounce of marijuana since the two elements of possession of more than one ounce of marijuana are both set forth in the indictment.

G.S. 15A-924(a)(5) provides in part that a criminal pleading must contain:

A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

The indictment in the present case alleged the element of possession of marijuana and further alleged that the amount of marijuana possessed exceeded one ounce. We find that the elements of possession of more than one ounce of marijuana were set out with sufficient clarity to apprise defendant that he was charged with that offense.

We have reviewed defendant's remaining assignments of error and find them to be without merit.

No error.

Judges PHILLIPS and ORR concur.