STATE OF NORTH CAROLINA v. LINWOOD WILLIAMS

No. 896SC422

(Filed 1 May 1990)

1. **Searches and Seizures § 13 (NCI3d)— warrantless seizure of matchbox—no expectation of privacy by defendant—consent given by defendant**

     The trial court properly denied defendant's motion to suppress a matchbox seized during a warrantless search outside defendant's house where defendant did not have a reasonable expectation of privacy in the area searched, but, even if he did, no search warrant would have been necessary, since officers were at defendant's house for a lawful purpose; defendant consented to one officer walking over to the area where the matchbox was found; and the officer discovered the matchbox in plain view.

     **Am Jur 2d, Searches and Seizures §§ 20, 100.**

2. **Narcotics § 5 (NCI3d)— felonious possession of cocaine— possession with intent to sell or deliver same cocaine— punishment for both—double jeopardy**

     Principles of double jeopardy barred defendant's sentencing both to five years for felonious possession of cocaine and to ten years for possession with intent to sell or deliver the same cocaine.

     **Am Jur 2d, Criminal Law § 277; Drugs, Narcotics, and Poisons § 48.**

APPEAL by defendant from judgments entered 16 November 1988 by *Judge Samuel T. Currin* in HALIFAX County Superior Court. Heard in the Court of Appeals 8 January 1990.

Defendant was indicted on one count of misdemeanor possession of drug paraphernalia, one count of felonious possession of

cocaine, and one count of possession of cocaine with intent to sell or deliver. The evidence supporting these indictments had been seized during two searches. The first search was a warrantless search of an area outside defendant's house which resulted in the seizure of a matchbox containing 0.6 grams of crack cocaine. As a result of this search, the law enforcement officers obtained a search warrant for defendant and his house. This second search resulted in the seizure of the following items: $585 in cash, 25.7 grams of the cutting agent Inositol, which tested at under one percent cocaine, an empty bottle labelled Inositol, a folding spoon, a bottle cap containing a white residue, small pieces of tinfoil, a razor blade, a pipe cleaner, fifty-four plastic bags, and rolling papers.

Before trial, defendant moved to suppress the matchbox seized during the warrantless search. The State argued that defendant had failed to follow the procedural requirements of N.C. Gen. Stat. § 15A-975 regarding timely filing of suppression motions and therefore had waived any right to a hearing on his motion. The trial court denied defendant's suppression motion based on failure to meet the filing requirements of N.C. Gen. Stat. § 15A-975.

The judge submitted all three charges to the jury and defendant was convicted and sentenced on all charges. From these judgments, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Harold M. White, Jr., for the State.*

*Robin E. Hudson for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends the trial court erred in denying his motion to suppress based on a failure to timely file that motion. He argues that his motion was filed before trial, as required by N.C. Gen. Stat. § 15A-975 and, furthermore, that his motion could have been filed during trial because the requirements of N.C. Gen. Stat. § 15A-975(b) were satisfied.

N.C. Gen. Stat. § 15A-977 provides in pertinent part:

(c) The judge may summarily deny the motion to suppress evidence if:

(1) The motion does not allege a legal basis for the motion; or

(2) The affidavit does not as a matter of law support the ground alleged.

Defendant's motion alleged, as a basis for suppressing the matchbox and its contents, that the law enforcement officers had, without his consent, made a warrantless search of an area outside defendant's house. Defendant's affidavit does not, however, support the alleged ground for suppression. In the affidavit, defendant states that he did not exercise dominion over the area in which the matchbox was found. Defendant did not, therefore, have a reasonable expectation of privacy in the area searched. *See State v. Thompson*, 73 N.C. App. 60, 63-5, 325 S.E.2d 646, 649-50, *disc. rev. denied and appeal dismissed*, 313 N.C. 610, 332 S.E.2d 183 (1985). Furthermore, even if defendant did have a reasonable expectation of privacy in the area where the matchbox was found, no search warrant would have been necessary. Evidence at trial showed that the officers were at defendant's house for a lawful purpose, that defendant consented to one officer walking over to the area where the matchbox was found, and that the officer discovered the matchbox in plain view. *See State v. Mettrick*, 54 N.C. App. 1, 15, 283 S.E.2d 139, 148 (1981), *aff'd*, 305 N.C. 383, 289 S.E.2d 354 (1982). The trial court did not err in summarily denying defendant's motion to suppress.

[2] Defendant next contends the trial court erred in sentencing him both to five years for felonious possession of cocaine and to ten years for possession with intent to sell or deliver the same cocaine. We agree. Principles of double jeopardy bar defendant's punishment for both offenses based on possession of the same contraband. *State v. McGill*, 296 N.C. 564, 568, 251 S.E.2d 616, 619 (1979); *State v. Oliver*, 73 N.C. App. 118, 122, 325 S.E.2d 682, 686, *cert. denied*, 313 N.C. 513, 329 S.E.2d 401 (1985). We therefore arrest judgment on the lesser charge and sustain the conviction and sentence on the greater.

As to the charges of felonious possession of cocaine with intent to sell or deliver and misdemeanor possession of drug paraphernalia, no error.

As to the charge of felonious possession of cocaine, judgment arrested.

Chief Judge HEDRICK and Judge WELLS concur.