CLYDE PENLEY v. BETTY ROBERTS PENLEY AND HAMBURG VALLEY, INC.

No. 9028SC62

(Filed 18 December 1990)

**Corporations § 12 (NCI3d)— misappropriation of corporate assets and opportunities—insufficient evidence**

Plaintiff's evidence was insufficient to show that the individual defendant converted or misappropriated any of the funds or other property of a corporation formed by the parties to operate a fried chicken restaurant. Furthermore, the individual defendant was under no duty to turn over to the corporation a new fried chicken franchise which she obtained while the corporation was in the process of liquidation.

**Am Jur 2d, Corporations §§ 104, 107, 143.**

APPEAL by plaintiff from judgment entered 14 September 1989 by *Judge Forrest A. Ferrell* in BUNCOMBE County Superior Court. Heard in the Court of Appeals 28 August 1990.

*Carter & Kropelnicki, P.A., by Steven Kropelnicki, Jr., for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Michelle Rippon and Robert H. Haggard, for defendant appellees.*

PHILLIPS, Judge.

In 1978 plaintiff and the individual defendant, then husband and wife, formed defendant corporation primarily to operate a Kentucky Fried Chicken restaurant business that defendant Betty Roberts Penley owned a franchise for and had operated for about ten years. In 1979 they separated. In 1981 plaintiff brought this action, *inter alia*, to establish his stock interest in the corporation, to prevent the individual defendant from mismanaging the business, to recover corporate assets she had allegedly converted, and to liquidate the corporation. The stock ownership claim was determined by a 1982 trial, eventually upheld by our Supreme Court, in which it was adjudged that plaintiff owned 48% of the stock in defendant corporation, the individual defendant owned 48%, and their son the remaining 4%. *Penley v. Penley*, 314 N.C. 1, 332 S.E.2d 51 (1985).

During the several years that plaintiff's other claims remained in the trial court the parties disagreed about many matters, most of which were of little or no consequence either to the case or the appeal, but they eventually agreed upon two things material to both. First, in 1981 they agreed that a receiver for the defendant corporation would be appointed and for the rest of its existence the company was operated under orders of the court; and in 1985, after the receiver's management of the company did not satisfy plaintiff they agreed, pursuant to plaintiff's motion and defendant's countermotion, to liquidate the corporation. In due course the appointed receiver sold the company's property, paid its debts, distributed the remaining proceeds to the stockholders, and was discharged. While the company was being liquidated defendant Betty Penley, who never ceased to own the first Kentucky Fried Chicken franchise she received, obtained a new franchise and started another Kentucky Fried Chicken business in Hendersonville. In his amended complaint plaintiff claimed that the new franchise was obtained by company funds that the individual defendant converted and that obtaining the franchise for herself violated her fiduciary duties to the corporation. When those claims were tried in September, 1989 they were dismissed by a directed verdict at the end of plaintiff's evidence. The judgment appealed from is affirmed.

Plaintiff presented no evidence that defendant converted or misappropriated any of the corporation's funds or property and nothing in the record indicates that she had a duty to turn her

newly obtained Kentucky Fried Chicken franchise over to defendant corporation, then in the throes of liquidation. Indeed, plaintiff's witness, Andrew Stull, an accountant who investigated the corporation's affairs at the request of the receiver, testified that he found no evidence of any improprieties or misappropriations by her; and while Harvey Jenkins, the accountant who prepared the corporate tax returns, testified that the company gave defendant various checks, he testified in explanation that defendant often loaned the company money and the checks were in payment of those debts. And the claim that while the corporation was being put out of business at plaintiff's insistence the individual defendant had a duty to promote its future profit by turning the new franchise over to it is supported by no principle of law or equity of which we are aware. Furthermore, the uncontradicted evidence also shows that the franchise could not be conveyed to the corporation since its terms prohibited it from being assigned to a corporation in which the individual defendant had less than a 51% interest.

All of plaintiff's other contentions concern matters set at rest long before the judgment appealed from was entered. None of the actions or orders now complained of was appealed or even excepted to until years later when this appeal was being perfected. One contention concerns the trial court's proper refusal to act upon the adjudication that plaintiff owned 48% of the corporate stock while that adjudication was being contested on appeal. See *Kirby Building Systems, Inc. v. McNiel*, 327 N.C. 234, 393 S.E.2d 827 (1990). The others concern the receiver who was discharged in October, 1987 by an order stating that there was "no objection to the accounting presented by the receiver"; an order that plaintiff opposed only by filing a broadside objection six days later. Rule 3(d), N.C. Rules of Appellate Procedure; *Smith v. Independent Life Insurance Co.*, 43 N.C. App. 269, 258 S.E.2d 864 (1979).

Affirmed.

Judges JOHNSON and PARKER concur.