398 S.E.2d 672 (1990)
101 N.C. App. 225
STATE of North Carolina
v.
Clarence MEBANE.
No. 9015SC172.
Court of Appeals of North Carolina.
December 18, 1990.
*673 Attorney Gen. Lacy H. Thornburg by Asst. Atty. Gen. Patricia F. Padgett, Raleigh, for the State.
Appellate Defender Malcolm Ray Hunter, Jr. by Asst. Appellate Defender M. Patricia DeVine, Raleigh, for defendant-appellant.
LEWIS, Judge.
The first question on appeal is whether the defendant's conviction and sentencing under the North Carolina Controlled Substances Act by the trial court violated the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution and in the North Carolina Constitution, article I § 19. The second question on appeal is whether the trial court erred in ordering the forfeiture of the defendant's vehicle pursuant to the Act.
The defendant was convicted and punished for committing the following crimes on 20 January 1989 in one drug related transaction:
1) felonious possession of cocaine under N.C.G.S. § 90-95(a)(3);
2) possession with intent to sell or deliver cocaine under N.C.G.S. § 90-95(a)(1);
3) sale and delivery of cocaine under N.C. G.S. § 90-95(a)(1);
4) conspiracy to sell or deliver cocaine under North Carolina common law; and
5) maintaining of vehicle (Chevrolet Corvette) under N.C.G.S. § 90-108(a)(7).
The defendant was convicted and punished for committing the following crimes on 3 February 1989 in one drug related transaction:
1) felonious possession of cocaine under N.C.G.S. § 90-95(a)(3);
2) possession with intent to sell or deliver cocaine under N.C.G.S. § 90-95(a)(1);
3) sale and delivery of cocaine under N.C. G.S. § 90-95(a)(1); and
4) conspiracy to sell or deliver cocaine under North Carolina Common Law.
The defendant was convicted and punished for committing the following crimes on 17 February 1989 in one drug related transaction:
1) felonious possession of cocaine under N.C.G.S. § 90-95(a)(3);
2) possession with intent to sell or deliver cocaine under N.C.G.S. § 90-95(a)(1);
3) maintaining of vehicle (Nissan Maxima) under N.C.G.S. § 90-108(a)(7);
4) conspiracy to traffic in cocaine under North Carolina common law;
*674 5) trafficking in cocaine by possession under N.C.G.S. § 90-95(h)(3); and
6) sale and delivery of cocaine under N.C. G.S. § 90-95(a)(1).
The trial judge consolidated the cases for judgment and sentenced the defendant to fifteen years imprisonment. The trial judge also ordered that the defendant forfeit the Chevrolet Corvette allegedly involved in the cocaine transaction of 20 January 1989.

Double Jeopardy
"The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." State v. Gardner, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986) (citations omitted). Here we are concerned with multiple punishments for the same offense.
The defendant was convicted of possession with intent to sell or deliver a controlled substance and possessing a controlled substance under N.C.G.S. § 90-95(a)(1) and N.C.G.S. § 90-95(a)(3) on three separate occasions. The defendant committed one transaction relating to the two convictions on each of the days in question. The defendant argues that principles of double jeopardy bar the defendant's conviction and punishment for both offenses on each of the days in question. We agree.
Although possession of one gram or more of cocaine is not a lesser included offense of possession of cocaine with intent to sell or deliver, the North Carolina Supreme Court has held and this Court has recently reiterated that double jeopardy principles bar punishment for both offenses for possession of the same cocaine. State v. McGill, 296 N.C. 564, 568, 251 S.E.2d 616, 619 (1979); State v. Williams, 98 N.C. App. 405, 407, 390 S.E.2d 729, 730 (1990). Unless and until the Supreme Court overrules these decisions, we are bound by their holdings.
The trial judge should have instructed the jury to first consider the offense of possession with intent to sell and deliver cocaine; if, and only if, the jury found him not guilty of that offense were they to consider the offense of possession of cocaine. McGill, 296 N.C. at 569, 251 S.E.2d at 620. Therefore, we arrest judgment on the three charges of possession of cocaine. With respect to this issue, we find no error in the three convictions on possession with intent to sell and deliver.
The defendant also contends that principles of double jeopardy bar defendant's punishment for possession with intent to sell and deliver cocaine under N.C.G.S. § 90-95(a)(1), and trafficking in the same cocaine by possession under N.C.G.S. § 90-95(h)(3). The defendant argues that possession with intent to sell and deliver cocaine is a lesser included offense of trafficking in cocaine by possession.
In State v. Sanderson, 60 N.C.App. 604, 610, 300 S.E.2d 9, 14, disc. rev. denied, 308 N.C. 679, 304 S.E.2d 759 (1983), the North Carolina Court of Appeals held that possession of marijuana with intent to sell is a lesser included offense of trafficking by possessing one hundred pounds of marijuana. The court did not expressly review the elements of each offense involved and thus, did not explain its conclusion. However, the court did apply the test set forth in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932) to determine whether the offenses are not the "same offense" within the meaning of the double jeopardy clause. The Blockburger test is: "whether each provision requires proof of an additional fact which the other does not." Id. Applying the Blockburger test, the court held in Sanderson that "possession under G.S. 90-95(a) does not require proof of any additional facts beyond those required under G.S. 90-95(h)(1), therefore convictions under both statutes violate defendants' protection against double jeopardy, and the convictions for the lesser included offenses should be vacated." State v. Sanderson, 60 N.C.App. 604, 610, 300 S.E.2d 9, 14, disc. rev. denied, 308 N.C. 679, 304 S.E.2d 759 (1983).
*675 After State v. Sanderson, the North Carolina Supreme Court held in State v. Gardner, 315 N.C. 444, 340 S.E.2d 701 (1986), that "[i]n single prosecution situations, the presumption raised by the Blockburger test is only a federal rule for determining legislative intent as to violations of federal criminal laws and is neither binding on state courts nor conclusive." Id. 315 N.C. at 455, 340 S.E.2d at 709. Likewise, "where a legislature clearly expresses its intent to proscribe and punish exactly the same conduct under two separate statutes, a trial court in a single trial may impose cumulative punishments under the statutes." Id. at 453, 340 S.E.2d at 708 (quoting Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)). Thus, the Blockburger test is not considered determinative of whether the defendant's rights not to be put in double jeopardy have been violated. Instead, we must address the legislature's intent.
To prove the offense of possession with intent to sell and deliver cocaine, the State must show: 1) possession of cocaine and 2) that the person intended to sell or deliver it. State v. McGill, 296 N.C. 564, 568, 251 S.E.2d 616, 619 (1979). To prove the offense of trafficking in cocaine by possession the State must show: 1) possession of cocaine and 2) that the amount possessed was 28 grams or more. However, the purpose behind N.C.G.S. § 90-95(h), which deters the statutorily defined "trafficking", is to prevent large scale distribution of controlled substances. State v. Tyndall, 55 N.C.App. 57, 60-61, 284 S.E.2d 575, 577 (1981). "Our legislature has determined that certain amounts of controlled substances and certain amounts of mixtures containing controlled substances indicate an intent to distribute on a large scale." Id. Although the offense of trafficking under N.C.G.S. § 90-95(h) does not specifically require that the State prove that the person intended to sell or deliver the controlled substance, such intent is implied from the large amount of controlled substance possessed. This is most likely the reason why the Court of Appeals in Sanderson found the two convictions and punishments in violation of the double jeopardy clause when Blockburger was considered controlling. Without such rationale, a double jeopardy question may not have arisen. See State v. Swann, 322 N.C. 666, 678, 370 S.E.2d 533, 540 (1988) (citing State v. Etheridge, 319 N.C. 34, 352 S.E.2d 673 (1987)).
Although we are mindful of Gardner, we are bound to follow the North Carolina Supreme Court's reasoning in McGill, and the recent cases that comply with its holding that the defendant not be punished for such closely related offenses. See State v. McGill, supra; State v. Williams, 98 N.C. App. 405, 407, 390 S.E.2d 729, 730 (1990). The only difference between this case and McGill is the amount of the controlled substance in the defendant's possession: in McGill, the offense was possession of more than one ounce of marijuana; and here, the offense is possession of 28 grams or more of cocaine ("trafficking").
Moreover, we hold that the legislature did not intend that cumulative punishments be imposed for possession with intent to sell and deliver cocaine and trafficking in the same cocaine by possession at the same time. "The traditional means of determining the intent of the legislature where the concern is only one of multiple punishments for two convictions in the same trial include the examination of the subject, language, and history of the statutes." State v. Gardner, 315 N.C. 444, 461, 340 S.E.2d 701, 712 (1986).
Legislative history reveals that the legislature intended the trafficking statute to prevent large scale distribution of controlled substances. State v. Tyndall, 55 N.C.App. 57, 60-61, 284 S.E.2d 575, 577 (1981). On its face, it is apparent that the statute forbidding possession with intent to sell and deliver cocaine was also passed to prevent distribution of cocaine. The only difference is the amount of cocaine distributed. Thus, regardless of whether the two statutes proscribe the same conduct under the Blockburger test, the legislature did not intend that a defendant be punished for both of the statutory crimes in issue. We arrest judgment on the charge of possession with intent to sell and deliver on 17 February 1989. The conviction and punishment *676 for trafficking by possession of cocaine is without error.

Forfeiture of the Vehicle
The defendant's last contention is that the trial court erred in ordering the forfeiture of the defendant's Corvette. The defendant argues that if he is found not guilty of N.C.G.S. § 90-108(a)(7), the forfeiture of a vehicle under N.C.G.S. § 90-112 is prohibited. N.C.G.S. § 90-108 provides in pertinent part:
(a) It shall be unlawful for any person:
...
(7) To knowingly keep or maintain any... vehicle ..., which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article.
(b) Any person who violates this section shall be guilty of a misdemeanor. Provided, that if the criminal pleading alleges that the violation was committed intentionally, and upon trial it is specifically found that the violation was committed intentionally, such violations shall be a Class I felony.
N.C.G.S. § 90-112 provides in pertinent part:
The following shall be subject to forfeiture:
. . . . .
(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of the provisions of this Article;
(2) All money ... acquired, used, or intended for use, in selling, ... delivering,... a controlled substance in violation of this Article ...
(4) All conveyances, including vehicles,... which are used or intended for use to unlawfully conceal, convey, or transport, or in any manner facilitate the unlawful concealment, conveyance, or transportation of property described in (1) or (2) except that ...
c. No conveyance shall be forfeited unless the violation involved is a felony under this Article....
In State v. Bright, 78 N.C.App. 239, 337 S.E.2d 87 (1985), disc. rev. denied, 315 N.C. 591, 341 S.E.2d 31 (1986), this Court interpreted N.C.G.S. §§ 90-108(a)(7) and 90-108(b) to mean that if a defendant is found to have "knowledge that [the vehicle] is resorted to by persons for the use, keeping or selling of controlled substances" that the defendant is guilty of a misdemeanor; however, if the defendant is found to have "intent that it be so used" the defendant shall be guilty of a class I felony. Id. 78 N.C.App. at 242, 337 S.E.2d at 89. Here, the defendant was found guilty of a misdemeanor under N.C.G.S. § 90-108.
The primary question is whether the word "felony" in N.C.G.S. § 90-112(a)(4)c. is a reference to 1) only a felony involving the violation of using the vehicle, or 2) a felony involving violations in which the vehicle was used. The defendant in this case was found guilty of felonies in which the vehicle was used. However, the defendant claims that because he was only found guilty of a misdemeanor involving the violation of using the vehicle, that N.C.G.S. § 90-112(a)(4)c. does not allow forfeiture of the Corvette.
The intent of the legislature controls the interpretation of a statute. State v. Hart, 287 N.C. 76, 80, 213 S.E.2d 291, 294 (1975). The legislative history of the statute demonstrates that the intent of the legislature was to expand the situations in which a vehicle could be forfeited. Originally, N.C. G.S. § 90-112(a)(4)c only allowed forfeiture if the defendant violated 90-95(a)(1) or 90-95(a)(2). N.C.G.S. § 90-112(a)(4)c (Supp. 1971). The change in the statute was called "AN ACT TO PERMIT FORFEITURE OF CONVEYANCES UNDER ADDITIONAL CIRCUMSTANCES." (1973 N.C.Sess. Laws ch. 447). As the language indicates, the legislature intended to expand the statute to cover all felonies under the Act in which a vehicle was used. Thus, we find no error in the forfeiture of the defendant's Corvette.

Conclusion
As the convictions of possession of cocaine and the conviction of possession of cocaine with the intent to sell and deliver *677 cocaine on 17 February 1989 may have influenced the trial judge's sentence after consolidation of the cases for judgment under N.C.G.S. § 15A-1340.4(b), we remand the case for resentencing.
89 CrS 6298 possession of cocainearrested;
89 CrS 6298 possession with intent to sell or deliver cocaineNo Error;
89 CrS 6300 knowingly maintaining a vehicle for purpose of unlawfully keeping or selling controlled substancesforfeiture No Error;
89 CrS 6301 possession of cocainearrested;
89 CrS 6301 possession with intent to sell or deliver cocaineNo Error;
89 CrS 6304 possession of cocainearrested;
89 CrS 6304 possession with intent to sell or deliver cocainearrested;
89 CrS 6305 trafficking in cocaine by possessionNo Error.
Remand for Resentencing.
HEDRICK, C.J., and DUNCAN, J., concur.
DUNCAN, J., concurred in this opinion prior to 30 November 1990.