STATE OF NORTH CAROLINA v. ELIJAH STEWARD, JR.

No. 240A91

(Filed 10 January 1992)

**Narcotics § 1.3 (NCI3d) — trafficking by possession and by transportation — separate offenses**

> Defendant could properly be convicted and sentenced for both trafficking in cocaine by possession and trafficking in cocaine by transportation when the same cocaine was involved in both offenses.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 40.**

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, 102 N.C. App. 582, 403 S.E.2d 613 (1991), finding no error in defendant's trial at the 26 March 1990 Criminal Session of Superior Court, CUMBERLAND County, *Ellis, J.*, presiding. Heard in the Supreme Court 11 December 1991.

STATE v. STEWARD

[330 N.C. 607 (1992)]

*Lacy H. Thornburg, Attorney General, by Clarence J. DelForge, III, Assistant Attorney General, for the State.*

*Malcolm R. Hunter, Jr., Appellate Defender, by Gordon Widenhouse, Assistant Appellate Defender, for defendant-appellant.*

PER CURIAM.

Defendant was convicted of trafficking in cocaine by possession and trafficking in cocaine by transportation, in violation of N.C.G.S. § 90-95(h)(3), and sentenced to two consecutive seven-year terms of imprisonment. The same cocaine was involved in both offenses. A majority of the Court of Appeals panel, Chief Judge Hedrick and Judge Wells, concluded there was no error in the trial or in the imposition of consecutive sentences, relying for the latter point on *State v. Perry,* 316 N.C. 87, 340 S.E.2d 450 (1986). Judge Eagles, dissenting in part, concluded that under *State v. Moore,* 327 N.C. 378, 395 S.E.2d 124 (1990), defendant could not be convicted of nor sentenced for but one crime.

The majority of the Court of Appeals correctly held that *Perry* governs the sentencing issue and that, under it, defendant could be convicted of and sentenced for two different crimes. The decision of the Court of Appeals is, therefore,

Affirmed.