STATE OF NORTH CAROLINA v. TONY PIPKINS

No. 335PA93

(Filed 29 July 1994)

**Constitutional Law § 184 (NCI4th)— possession of cocaine—
trafficking in cocaine—same act—not double jeopardy**

Defendant's convictions and punishments for trafficking in
cocaine by possession and felonious possession of cocaine, based
on the same contraband, do not violate the principles of double
jeopardy because an examination of the subject, language and
history of the statutes indicates that the legislature intended that
these offenses be punished separately. Under *State v. Gardner*,
315 N.C. 444, examining *Blockburger v. United States*, 284 U.S.
299, where a legislature clearly expresses its intent to proscribe
and punish exactly the same conduct under two separate
statutes, a trial court in a single trial may impose cumulative pun-
ishments under the statutes. N.C.G.S. § 90-95(a)(3) combats the
perceived evil of individual possession of controlled substances
and N.C.G.S. § 90-95(h)(3) is intended to prevent the large-scale
distribution of controlled substances to the public; because the
perceived evils these statutes attempt to combat are distinct,
the legislature's intent was to proscribe and punish separately the
offenses of felonious possession of cocaine and of trafficking in
cocaine by possession. Certain conflicting holdings from the
Court of Appeals are overruled.

**Am Jur 2d, Criminal Law §§ 279 et seq.**

**Supreme Court's views as to application, in state crim-
inal prosecutions, of double jeopardy clause of Federal
Constitution's Fifth Amendment. 95 L. Ed. 2d 924.**

Justice FRYE dissenting.

Chief Justice EXUM joins in this dissenting opinion.

On discretionary review of a unanimous, unpublished decision of
the Court of Appeals, 111 N.C. App. 458, 434 S.E.2d 251 (1993), which
found no error in defendant's conviction for trafficking in cocaine,
vacated a judgment entered upon his conviction for felonious posses-
sion of cocaine, and vacated and remanded for resentencing a judg-

STATE v. PIPKINS

[337 N.C. 431 (1994)]

ment entered upon his conviction for maintaining a vehicle for drug purposes, all judgments entered by Barefoot, J., at the 6 July 1991 Criminal Session of Superior Court, Franklin County. Heard in the Supreme Court 16 March 1994.

*Michael F. Easley, Attorney General, by Valerie B. Spalding, Assistant Attorney General, for the State-appellant.*

*Larry E. Norman for defendant-appellee.*

WHICHARD, Justice.

On 19 December 1991 an officer of the Franklin County Sheriff's Department executed a search warrant on a duplex in Louisburg, North Carolina. When the officers arrived at the duplex, the door was ajar. Someone inside yelled that the police were coming. Seven or eight people fled through the back door. Several persons who were still inside were secured by the officers.

A search for contraband drugs then began. Officers found defendant hiding in a bedroom closet. They secured defendant; two officers then searched the bedroom and the closet. Inside the closet they found several bags of cocaine, which weighed 53.8 grams. They also found on defendant's person a container of an unknown amount of cocaine.

Defendant was convicted of trafficking in cocaine by possession and felonious possession of cocaine based on the same contraband, the 53.8 grams of cocaine found in the closet. He also was convicted of intentionally maintaining a vehicle for the purpose of keeping or selling a controlled substance. He received a ten-year term of imprisonment for the trafficking offense and a consecutive two-year term for the remaining convictions, which were consolidated for judgment.

Defendant appealed to the Court of Appeals, which held that he could not be punished for both felonious possession of cocaine and trafficking in cocaine based on the same contraband. The Court of Appeals thus vacated defendant's conviction for felonious possession of cocaine. Because the felonious possession conviction was consolidated with the maintaining a vehicle conviction for sentencing purposes, the maintaining a vehicle conviction also was vacated, and that case was remanded for resentencing. We allowed the State's petition for discretionary review on 7 October 1993.

The sole issue is whether defendant's convictions and punishments for trafficking in cocaine by possession and felonious posses-

sion of cocaine, based on the same contraband, violate the principles of double jeopardy. We hold that they do not and accordingly reverse the Court of Appeals.

Defendant correctly argues that the crimes of felonious possession of cocaine and trafficking in cocaine by possession require one act, that of possession, and because the same cocaine is the basis for both convictions, the elements the State must prove are the same for both. The only difference is the amount of cocaine required by the statutes for conviction of the offenses. N.C.G.S. § 90-95(a)(3), the basis for defendant's conviction of felonious possession, provides:

(a) Except as authorized by this Article, it is unlawful for any person:

. . . .

(3) To possess a controlled substance.

N.C.G.S. § 90-95(a)(3) (1993). N.C.G.S. § 90-95(h)(3)(a), the basis for defendant's conviction of trafficking in cocaine by possession, provides:

(3) Any person who . . . possesses 28 grams or more of cocaine . . . shall be guilty of a felony, which felony shall be known as "trafficking in cocaine" and if the quantity of such substance or mixture involved:

a. Is 28 grams or more, but less than 200 grams, such person shall be punished as a Class G felon and shall be sentenced to a term of at least seven years in the State's prison and shall be fined not less than fifty thousand dollars ($50,000)[.]

N.C.G.S. § 90-95(h)(3)(a) (1993). According to defendant, because he received multiple punishments for the same conduct, his right to protection from double jeopardy found in the Fifth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution—see *State v. Ballard*, 280 N.C. 479, 482, 186 S.E.2d 372, 373 (1972)—has been violated. We disagree.

In *Gardner*, we examined the United States Supreme Court's decisions in this area—specifically *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306, and its progeny—and noted: "[T]he Supreme Court of the United States has held that, where a legislature clearly expresses its intent to proscribe and punish exactly the same conduct under two separate statutes, a trial court *in a single trial* may impose

cumulative punishments under the statutes." *State v. Gardner*, 315 N.C. 444, 453, 340 S.E.2d 701, 708 (1986) (quoting *State v. Murray*, 310 N.C. 541, 547, 313 S.E.2d 523, 528 (1984)); *see Missouri v. Hunter*, 495 U.S. 359, 365-68, 74 L. Ed. 2d 535, 542-44 (1983). Our task, therefore, is to determine the legislature's intent in creating the separate offenses of felonious possession of cocaine and trafficking in cocaine by possession. *See State v. Perry*, 316 N.C. 87, 102-04, 340 S.E.2d 450, 459-61 (1986) (examining legislative intent and holding that the offenses of possessing, manufacturing, and transporting heroin, based on the same contraband, may be punished separately).

An examination of the subject, language and history of the statutes indicates that the legislature intended that these offenses be punished separately, even where the offenses are based on the same conduct. *See Gardner*, 315 N.C. at 461, 340 S.E.2d at 712. The subject of this legislation is controlled substances. The legislature premised the enactment of the North Carolina Controlled Substances Act on the determination that controlled substances are detrimental to the public. *See State v. Coffey*, 65 N.C. App. 751, 760, 310 S.E.2d 123, 129-30 (1984). N.C.G.S. § 90-95(a)(3), by its language, protects the public by prohibiting any person from possessing any amount, large or small, of a controlled substance. The policy determination underlying this statute is that the possession by any person of any amount of controlled substances is against the public's interest, presumably because it enhances the potential for use of the substance, either by the possessor or by a person to whom the possessor distributes it.

In contrast, N.C.G.S. § 90-95(h)(3), which was added by amendment in 1979, was "responsive to a growing concern regarding the gravity of illegal drug activity in North Carolina and the need for effective laws to deter the corrupting influence of drug dealers and traffickers." *Perry*, 316 N.C. at 102-03, 340 S.E.2d at 460 (quoting *State v. Anderson*, 57 N.C. App. 602, 606, 292 S.E.2d 163, 165, *disc. rev. denied*, 306 N.C. 559, 294 S.E.2d 272 (1982)). Unlike N.C.G.S. § 90-95(a)(3), which combats the perceived evil of individual possession of controlled substances, section (h)(3), by its language, is intended to prevent the large-scale distribution of controlled substances to the public. Because the perceived evils these statutes attempt to combat are distinct, we conclude that the legislature's intent was to proscribe and punish separately the offenses of felonious possession of cocaine and of trafficking in cocaine by possession. *See State v. Steward*, 330 N.C. 607, 411 S.E.2d 376 (1992) (defendant could be convicted of and sentenced for both trafficking

in cocaine by possession and trafficking in cocaine by transportation when the same cocaine was involved in both offenses).

We note that in reaching its decision the Court of Appeals relied on its decisions in *State v. Hunter*, 107 N.C. App. 402, 420 S.E.2d 700 (1992) (separate punishments for misdemeanor possession of cocaine and trafficking by possession in the same cocaine held violative of double jeopardy principles), *cert. denied*, 333 N.C. 347, 426 S.E.2d 711 (1993), and *State v. Mebane*, 101 N.C. App. 119, 398 S.E.2d 672 (1990) (separate punishments for possession with intent to sell and deliver cocaine and trafficking in the same cocaine by possession held violative of legislature's intent). To the extent that our decision today conflicts with the Court of Appeals holdings in *Hunter* and *Mebane*, those decisions are overruled. Further, to the extent that our decision conflicts with *State v. Williams*, 98 N.C. App. 405, 390 S.E.2d 729 (1990), and *State v. Oliver*, 73 N.C. App. 118, 325 S.E.2d 682, *cert. denied*, 313 N.C. 513, 329 S.E.2d 401 (1985), those decisions also are overruled.

Accordingly, the decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals with instructions to remand to the Superior Court, Franklin County, for reinstatement of the judgments entered upon defendant's convictions for felonious possession of cocaine and maintaining a vehicle for drug purposes.

REVERSED AND REMANDED.

Justice FRYE dissenting.

This case presents the issue of whether defendant's convictions and punishments for trafficking in cocaine by possession and felonious possession of cocaine, based on the same contraband, violate the principles of double jeopardy. The majority concluded that "an examination of the subject, language and history of the statutes indicates that the legislature intended that these offenses be punished separately, even where the offenses are based on the same conduct. *See Gardner*, 315 N.C. at 461, 340 S.E.2d at 712." Because I disagree with the majority's conclusion regarding the legislative intent in creating the separate offenses of felonious possession of cocaine and trafficking in cocaine by possession, I find it unnecessary to reach the constitutional question.

N.C.G.S. § 90-95(a)(3), the basis of defendant's conviction of felonious possession, provides:

(a) Except as authorized by this Article, it is unlawful for any person:

. . . .

(3) To possess a controlled substance.

N.C.G.S. § 90-95(a)(3) (1993). The punishment for violating subsection (a)(3) is provided under subsection (d) which states that:

*Except as provided in subsections (h) and (i) of this section,* any person who violates G.S. 90-95(a)(3) with respect to:

(1)  A controlled substance classified in Schedule I shall be punished as a Class I felon;

(2)  A controlled substance classified in Schedule II, III, or IV shall be guilty of a misdemeanor and shall be sentenced to a term of imprisonment of not more than two years or fined not more than two thousand dollars ($2,000), or both in the discretion of the court. . . . If the controlled substance is . . . cocaine . . ., the violation shall be punishable as a Class I felony.

N.C.G.S. § 90-95(d)(1)(2) (1993) (emphasis added).

N.C.G.S. § 90-95(h)(3)(a), the basis of defendant's conviction of trafficking in cocaine by possession, provides that

[a]ny person who sells, manufactures, delivers, transports, or *possesses 28 grams or more* of cocaine . . . shall be guilty of a felony, which felony shall be known as "trafficking in cocaine" and if the quantity of such substance or mixture involved:

a.  Is 28 grams or more, but less than 200 grams, such person shall be punished as a Class G felon and shall be sentenced to a term of at least seven years in the State's prison and shall be fined not less than fifty thousand dollars ($50,000)[.]

N.C.G.S. § 90-95(h)(3) (1993) (emphasis added).

It seems clear to me that by the language in G.S. § 90-95(d), *"except as provided in subsections (h) and (i) of this section,"* the legislature provided a punishment for possession of cocaine in amounts less than 28 grams. When the amount of cocaine exceeds 28 grams, however, the legislature intended that G.S. § 90-95(h)(3) apply and that a defendant be guilty of the felony known as "trafficking in cocaine." I find the language *"except as provided in subsections (h)*

*and (i) of this section,* to be strong evidence that the legislature did not intend that these offenses be punished separately but instead that the punishment set forth in G.S. § 90-95(d) would apply only when the punishment set out in G.S. § 90-95(h)(3) did not.

I agree fully with the majority opinion that the "policy determination underlying [N.C.G.S. § 90-95(a)(3)] is that the possession by any person of any amount of controlled substances is against the public's interest, presumably because it enhances the potential for use of the substance, either by the possessor or by a person to whom the possessor distributes it" and that N.C.G.S. § 90-95(h)(3) was "responsive to a growing concern regarding the gravity of the illegal drug activity in North Carolina and the need for effective laws to deter the corrupting influence of drug dealers and traffickers." (Citations omitted.) However, I do not agree that the statute as written provides for or that the legislature intended that a defendant be punished separately for the offenses of felonious possession of cocaine and trafficking in cocaine by possession of a specific amount of cocaine in one place at one time.

CHIEF JUSTICE EXUM joins in this dissenting opinion.